UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CRAIG WEST,

    Plaintiff.

v.

    CASE NO. 2:21-cv-10225

    HON. NANCY G. EDMUNDS

UNKNOWN AFRICAN AMERICAN NURSE,
NURSE FENRICK, ROSLYN JINDALL,
DR. WEBSTER, DR. JHONG CHOI, and
JANET CAMPBELL,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 1-1, PageID.136)

This is a *pro se* civil rights action for injunctive and monetary relief under 42 U.S.C. § 1983.  Plaintiff Anthony Craig West is a state prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan.  Defendants are the following individuals allegedly employed by the Michigan Department of Corrections at the Harrison Correctional Facility:  an unidentified African American nurse; a nurse with the surname Fenrick; a physician's assistant named Roslyn Jindall; a dentist with the surname Webster; Dr. Jhong Choi; and Janet Campbell.  Plaintiff alleges in his complaint that Defendants were deliberately indifferent to his serious medical needs after his oral surgery in November 2019.

Plaintiff has asked the Court to appoint counsel for him. *See* ECF No. 1-1, PageID.136. He alleges that he is unable to retain counsel, that the issues could become complex for him as a *pro se* plaintiff, and that he has a limited knowledge of federal law, civil litigation, and trial preparation. *Id.*

Although a district court may appoint counsel for indigent civil litigants, 28 U.S.C. § 1915(e)(1); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993), there is no constitutional right to appointment of counsel in a civil proceeding, *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). "The appointment of counsel in a civil proceeding . . . is justified only in exceptional circumstances," and when determining whether exceptional circumstances exist, "courts typically consider 'the type of case and the ability of the plaintiff to represent himself.' " *Lanier*, 332 F.3d at 1006 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).

The issues in this case are not particularly complex, and Plaintiff has demonstrated the ability to represent himself. Further, it is the practice in this District "to defer any attempt to obtain counsel for pro se civil rights Plaintiffs until after motions to dismiss or motions for summary judgment have been denied." *Weatherspoon v. Dinsa*, No. 2:14-cv-12756, 2015 WL 5634448, at *6 (E.D. Mich. Sept. 25, 2015) (unpublished decision quoting an order issued by the Magistrate Judge assigned to the case). Plaintiff's motion is premature at this stage of the

proceedings because the defendants have not been served with the complaint or given an opportunity to respond to the complaint.

Accordingly, the Court denies Plaintiff's motion for appointment of counsel without prejudice. Plaintiff may renew his motion if his case is not mediated pursuant to the Court's *Pro Se* Prisoner Early Mediation Program and if the case survives any dispositive motions.

Dated: February 11, 2021

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Proof of Service

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 11, 2021, by electronic and/or ordinary mail.

s/ Lisa C. Bartlett
Case Manager