UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CRAIG WEST,

    Plaintiff.

v.

UNKNOWN AFRICAN AMERICAN NURSE,
NURSE FENRICK, ROSLYN JINDALL,
DR. WEBSTER, DR. JHONG CHOI, and
JANET CAMPBELL,

    Defendants.
_____/

CASE NO. 2:21-cv-10225

HON. NANCY G. EDMUNDS

**ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT (ECF Nos. 8 AND 9) AND PLAINTIFF'S REQUEST TO DIRECT SERVICE OF THE MOTIONS (ECF No. 7)**

## I. Introduction

This is *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan. The defendants are the following individuals who allegedly are employed by the Michigan Department of Corrections: an unidentified African American nurse; a nurse with the surname Fenrick; a physician's assistant named Roslyn Jindall; a dentist with the surname Webster; Dr. Jhong Choi; and Janet Campbell. Plaintiff alleges in his complaint that the defendants were deliberately indifferent to his serious medical needs after his oral surgery in November of 2019.

On February 19, 2021, the Court stayed the case to enable the parties to participate in this district's Pro Se Prisoner Early Mediation Program before the defendants were formally served. *See* Order Staying Case, ECF No. 3. On April 12, 2021, while the case remained stayed, Plaintiff moved for a default judgment against the unknown African American nurse and Dr. Webster. Plaintiff asserted that those two defendants did not enter a limited notice of appearance for purposes of the early mediation program. *See* Mot. for Default J., ECF Nos. 8 and 9. Plaintiff also asked the Court to direct service of his motions for default judgment on the unknown African American nurse and Dr. Webster. *See* Request to Direct Service, ECF No. 7.

The case proceeded to mediation without a resolution of Plaintiff's motions for default judgment and request for service of the motions, but the parties did not reach a settlement during the mediation conference. Accordingly, on August 31, 2021, United States Magistrate Judge Kimberly G. Altman lifted the stay and returned the case to the undersigned. *See* Order Lifting Stay, ECF No. 16.

## II. Discussion

As noted above, Plaintiff seeks a default judgment from Dr. Webster and the defendant identified as an unknown African America nurse. He points out that those defendants did not enter a limited appearance for purposes of mediation, as required

by the Mediation Procedure. *See* Order Staying Case, Attachment A, ECF No. 3, PageID.143-44.

Counsel for the defendants would not have been able to enter an appearance for the unknown African American nurse, because Plaintiff did not identify that individual by name. In addition, none of the defendants have been formally served with a summons and complaint; instead, the Court merely arranged to have the complaint informally served on the Michigan Attorney General or on counsel for any third-party defendants. *See id.* at PageID.143.

A plaintiff is not entitled to a default judgment from defendants who have never been served with a pleading. *See Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *5–*7 (E.D. Mich. Oct. 5, 2020) (unpublished). As explained by another judge in this District,

> [t]he party moving for default judgment has the burden of proving that the defendant was properly served. *INYST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 398 (6th Cir. 1987). Proper service is a prerequisite to personal jurisdiction, and therefore default judgment is inappropriate in the absence of service. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1156 (6th Cir. 1991); *accord Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 492 (3d Cir. 1993).

*Est. of Wyatt v. WAMU/JP Morgan Chase Bank,* No. 09-14919, 2011 WL 3163242, at *3 (E.D. Mich. July 27, 2011) (unpublished). Because the defendants have not been properly served with the complaint, the Court denies Plaintiff's motions for a

default judgment and his request for service of the motions on Dr. Webster and the unknown African American nurse.

Plaintiff is now responsible for identifying the unknown defendant and serving the complaint and a summons on each defendant. *See* Fed. R. Civ. P. 4(c)(1); *see also Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant. Fed. R. Civ. P. 4(c)(1). The appointed person is usually a commercial process server plaintiff has contracted with to effectuate service for a fee."). The Court is not required to order the United States Marshal or any other person to serve the summons and complaint, because Plaintiff prepaid the filing fee and is not proceeding *in forma pauperis* under 28 U.S.C. § 1915. *Cf.* Fed. R. Civ. P. 4(c)(3) (stating that the court must order that service be made if the plaintiff is authorized to proceed *in forma pauperis* under § 1915; E.D. Mich. L.R. 4.1(b) (stating that "the Clerk must arrange for service of the summons and complaint by the United States Marshal for a plaintiff authorized to proceed in forma pauperis under 28 U.S.C. § 1915").

To facilitate service, Plaintiff must complete one summons for each defendant and then submit the completed summonses to the Clerk of this Court at 231 West Lafayette Blvd., Detroit, MI 48226. *See* E.D. Mich. L.R. 4.1(a) ("A party requesting the issuance of any process or who initiates a proceeding in which the issuance of

process is required by statute, rule, or order must prepare all required forms. Where necessary, the party must present the process to the Clerk for signature and sealing."). On receipt of the completed summonses, the Clerk of the Court will issue the summonses and return them to Plaintiff who must then serve a signed and sealed summons and a copy of his complaint on each defendant. The 90-day period for service under Federal Rule of Civil Procedure 4(m) began to run on the date that the stay in this case was lifted. *See* Order Staying Case, at p. 1, ¶ 5, ECF No. 3, PageID.141.

    IT IS SO ORDERED.

                                    s/Nancy G. Edmunds
                                    Nancy G. Edmunds
                                    United States District Judge

Dated: September 10, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 10, 2021, by electronic and/or ordinary mail.

                                    s/Lisa Wagner for Lisa Bartlett
                                    Case Manager