UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CRAIG WEST,

        Plaintiff,

v.

ROSLYN JINDALL, JHONG CHOI,
JANET CAMPBELL, EMMY CHOGE,
HENRY FENRICK, and
JESAKA DAVITT-WEBSTER,

        Defendants.
_____/

Case No: 21-10225

Honorable Nancy G. Edmunds
Magistrate Judge Patricia T. Morris

**ORDER ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [112]**

In this prisoner civil rights case, Plaintiff Anthony Craig West accuses Defendants Roslyn Jindall, Jhong Choi, Janet Campbell, Emmy Choge, Henry Fenrick, and Jesaka Davitt-Webster of violating his Eighth Amendment rights by withholding his prescription pain medication prescribed to him after oral surgery, and by discontinuing his physician-recommended quarterly dental cleanings. Defendants filed motions for summary judgment in which they argue they are entitled to sovereign and qualified immunity, and based on a perceived lack of evidence to establish a question of material fact. (ECF Nos. 94, 97, 100.) Before the Court is the Magistrate Judge's April 18, 2023 Report and Recommendation on Defendants' motions for summary judgment. (ECF No. 112.) The Magistrate Judge recommends that the Court grant Defendants Webster and Jindall's motions for summary judgment and grant in part and deny in part the motion filed by the remaining defendants. Plaintiff filed objections to the report and recommendation (ECF

1

No. 116) to which Defendants Webster, Campbell, Choge, Choi and Fenrick responded (ECF Nos. 119, 122). Defendant Henry Fenrick also filed objections to the report and recommendation (ECF No. 113) to which Plaintiff responded (ECF No. 121).  For the reasons that follow, the Court accepts in part and rejects in part the report and recommendation, granting Defendant Webster's motion (ECF No. 94), denying Defendant Jindall's motion (ECF No. 97), and granting in part and denying in part the remaining motion (ECF No. 100.)

I.    **Background**

The Magistrate Judge provided a thorough background in her report, which this Court now adopts. (ECF No. 112, PageID.1307-17.) For ease of reference here, the Court briefly restates the following facts:

Plaintiff was diagnosed with throat cancer in April 2015 while incarcerated at a state prison in Ionia, Michigan. As part of his treatment protocol, Plaintiff received radiation and chemotherapy treatments which left him prone to dental cavities and infection. As a result, Plaintiff's physician recommended that he receive teeth cleanings and examinations every three months. The prison in Ionia provided Plaintiff with this recommended treatment.

In February 2019, Plaintiff's dentist noted an impacted molar and referred him to the University of Michigan for an offsite evaluation. There, oral surgeons recommended that Plaintiff return to have a wisdom tooth and impacted molar surgically extracted. Before that procedure could be conducted, however, Plaintiff was transferred to Gus Harrison Correctional Facility in Adrian, Michigan.

After the transfer, Defendant Dental Director Jong Choi reviewed Plaintiff's dental records and determined that he no longer required cleanings and evaluations every three months. Choi did, however, approve a request for Plaintiff to receive the oral surgery at the University of Michigan. That took place at 8 a.m. on November 14, 2019. The procedure was successful and supervising corrections officers were provided with postoperative instructions, prescriptions for Oxycodone and Motrin 600, and gauze to stop Plaintiff's bleeding.

On the drive back to the prison, Plaintiff states he began to feel "extreme" pain, and by the time he arrived back at the prison the pain was unbearable. Plaintiff paced his cell and asked the intake officer to call for a nurse. Defendant Nurse Emmy Choge arrived about twenty minutes later, took Plaintiff's documents from the officer, and escorted Plaintiff to the main healthcare room. There, Plaintiff states he asked for pain medication and fresh gauze as he was in "tremendous pain." Choge did not give West any gauze, but did provide him with an ice pack and some Tylenol before sending him back to the housing unit.

According to Choge, she placed Plaintiff's medical documents and prescriptions on the "provider's desk" sometime before one in the afternoon. In response to Plaintiff's interrogatory, Choge clarified that the "provider" to whom she referred was Defendant Roslyn Jindall. In that same response, Chose also stated that she had no independent recollection of Plaintiff's claims and was relying on his medical record to answer Plaintiff's question. (ECF No. 100-6, PageID.1015.) Jindall denies ever seeing Plaintiff's documents though the schedule had her working that day until 6 p.m. According to Jindall, there are many other desks besides hers where the documents could have been left.

3

By his fourth day of recovery, Plaintiff still had not received his prescription medication. At a pre-scheduled medical appointment, Plaintiff told one of the nurses, Defendant Henry Fenrick, that he was in "tremendous pain" because he did not receive his prescriptions following oral surgery. Plaintiff testified that his face was visibly swollen, and that he asked Fenrick to give him "something" for his pain. According to Plaintiff, a second nurse reached for the cabinet containing the pain medication, but Fenrick "stopped her from doing so." Plaintiff claims Fenrick went on his computer to look at Plaintiff's records, but then Plaintiff that he could not find any record of his tooth extraction. Plaintiff was sent back to his housing unit without pain medication. When Plaintiff returned to his housing unit, he kited dental staff requesting that his prescriptions be filled.

Plaintiff met with his dentist, Defendant Jesaka Davitt-Webster, for a follow-up appointment on November 20, before dental staff received Plaintiff's kite. Plaintiff informed Webster that he still had not received any of his prescribed pain medication. She told Plaintiff that she was aware he had the surgery, but that his documents were missing. Plaintiff asked for medication while she searched for his documents, but Webster did not provide it. She eventually examined Plaintiff's mouth, irrigated the surgical site, and provided Plaintiff with Tylenol, Motrin, gauze, and antibacterial mouth rinse.

Plaintiff did not receive his scheduled teeth cleaning in November 2019 and, as of January 2021, had still not received a teeth cleaning.

## II.   Standard of Review

### A.   Objections

Upon receipt of a report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or

4

specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id. See also* Fed. R. Civ. P. 72(b)(3).

The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

In addition, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

III.  **Analysis**

    A.  **Plaintiff's Objections**

Plaintiff's first and second objections relate to Defendant Jindall and the Magistrate Judge's finding that Plaintiff could not show a genuine dispute of material fact using an interrogatory response provided by Defendant Choge. (ECF Nos. 116, PageID.1365-69.) The Magistrate Judge found that Plaintiff failed to raise a genuine dispute concerning whether Jindall was responsible for Plaintiff's inadequate pain management. (ECF No. 112, PageID.1322.) This Court disagrees.

Plaintiff testified that he saw Defendant Choge with his post-surgery documents, and Choge's note on Plaintiff's November 14 medical document indicates that she left the paperwork from the hospital on "the provider's desk." (ECF No. 94-2, PageID.796; ECF No. 100-4, PageID.992.) Choge later clarified in an interrogatory that the provider would have been Jindall, but the Magistrate Judge refused to consider this hearsay evidence. (ECF No. 112, PageID.1323.) While the interrogatory response may indeed be hearsay, courts frequently accept this type of hearsay evidence at the summary judgment stage where the content, even if not the form, of the response would otherwise be admissible at trial. *Bailey v. Floyd Cnty. Bd. of Educ. By & Through Towler*, 106 F.3d 135, 145 (6th Cir. 1997) (citing Celotex Corp., 477 U.S. at 324). Indeed, Federal Rule of Civil Procedure 56(c)(1)(A) specifically refers to interrogatory answers as evidence that may be used to support a fact in connection with a motion for summary judgment. *See also Alexander v. CareSource,* 576 F.3d 551, 558 (6th Cir.2009) (noting that former Rule 56(e) "identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment").

Here, though Defendant Choge stated in her interrogatory response that she has no independent recollection of the facts involved in Plaintiff's case, she still provided a response to the interrogatory based upon information available to her. Should she be called at trial to give testimony, she could be questioned and cross examined regarding her knowledge and the foundation of her given response. Moreover, any document she reviewed in order to provide her answer may itself be admissible at trial. It would then be up to the factfinder, not the Court, to determine whether to credit her testimony or any documentary evidence admitted. Based upon this evidence, the jury may reasonably conclude it is more likely than not that Choge left the documents on Jindal's desk where Jindall saw and disregarded Plaintiff's prescriptions. Summary judgment of the claims against Jindall is therefore not appropriate on this record. Plaintiff's first and second objections are sustained to the extent they argue against the Magistrate Judge's conclusion regarding Jindall.

The remainder of Plaintiff's objections, however, are overruled. In his third objection, Plaintiff claims the Magistrate Judge erred when she determined there was insufficient evidence to show a genuine issue of material fact as concerns Defendant Choi's decision not to continue P's quarterly cleanings. (ECF No. 116, PageID.1369.) Plaintiff cites to *Nelson v. Choi*, No. 15-13101, 2018 U.S. Dist. LEXIS 68703, but that decision can be distinguished. In *Nelson*, the defendant's motion for summary judgment was denied because evidence that the defendant refused to provide any treatment whatsoever for the plaintiff's TMJ presented a genuine issue of material fact as to whether the defendant was deliberately indifferent to the plaintiff's substantial risk of serious harm. *Id.* at *4. Here, however, Choi did not completely refuse treatment, rather he differed in his medical opinion

7

from Plaintiff's previous dentists regarding the necessary frequency of Plaintiff's dental cleanings. In Choi's professional opinion, Plaintiff's "periodontal condition was stable" and his history of throat cancer, without more, did not necessitate teeth cleanings every three months. (ECF No. 100-6, PageID.1019-20, 1023.) At most, this medical disagreement may constitute medical malpractice, but it does not rise to the level of an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

In his fourth objection, Plaintiff claims the Magistrate Judge erred by holding there was insufficient evidence to establish a question of fact as to whether Defendants Choge or Webster acted with deliberate indifference to Plaintiff's medical needs or whether Webster knew of and consciously disregarded his need for pain medication. (ECF No. 116, PageID.1373.) Plaintiff provides no argument as to why he objects to the Magistrate Judge's conclusion regarding Defendant Choge. As for Webster, Plaintiff claims the dentist was aware he had oral surgery and should have followed up with Plaintiff sooner than five days later. The Magistrate Judge addressed this argument in her report and recommendation. (ECF No. 112, PageID.1338.) The record lacks evidence that Webster was aware of Plaintiff's prescriptions and declined to ensure they were filled. Moreover, there is no evidence suggesting Webster should have herself prescribed medication. Plaintiff's objection fails it constitutes a mere restatement of his previous argument and fails to show error by the Magistrate Judge. *See Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases).

Finally, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's claims for injunctive relief should be dismissed. (ECF No. 116, PageID.1377.) Plaintiff asks the Court to enter two injunctions: one that prohibits Defendants from retaliating against him

and one ordering a nonparty to conduct yearly endoscopic examinations. (ECF No. 1, PageID.52.) "In order to obtain either a preliminary or permanent injunction, [a party] must demonstrate that failure to issue the injunction is likely to result in irreparable harm." *Kallstrom v. City of Columbus,* 136 F.3d 1055, 1068 (6th Cir.1998). Thus, there must be a connection between the injunction requested and the claims which survive summary judgment. *See Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir.2005) ("[T]o obtain a permanent injunction, a party must show . . . that he has prevailed in establishing the violation of the right asserted in his complaint.") This order dismisses Plaintiff's claims regarding the frequency of his teeth cleaning. Thus, Plaintiffs requests for injunctive relief fall outside the scope of his remaining claims. His objection is therefore overruled.

### B. Defendant Henry Fenrick's Objections

Defendant Fenrick submitted three objections to the Magistrate Judge's report and recommendation. (ECF No. 113.)

This Court need not analyze Fenrick's first objection as he merely restates the arguments made in his motion and does not identify any error by the Magistrate Judge. (*Compare* ECF No. 113, PageID.1349-53 *with* ECF No. 100, PageID.934-35.) *See Howard*, 932 F.2d 505, 508 (6th Cir. 1991).

Fenrick's second objection also fails because, as detailed by the Magistrate Judge, Fenrick is not entitled to qualified immunity where a factfinder could reasonably find that Fenrick knew of a serious medical need of Plaintiff's and chose to disregard that need. (ECF No. 112, PageID.1340-43.)

9

Fenrick's third objection, that the Magistrate Judge erred by not acknowledging Plaintiff's failure to respond to the MDOC Defendants' motion, warrants slightly closer consideration. Defendants together filed three separate motions for summary judgment in this case—Defendants Jindall and Webster each filed their own motions and the "MDOC Defendants," including Fenrick, filed a third motion—each of the motions being filed through counsel. (ECF Nos. 94, 97, 100.) No response was ordered by the Court yet Plaintiff, acting *pro se*, filed two responses, one in opposition to Jindall's motion and a second in opposition to Webster's motion.[1] (ECF Nos. 101, 102.) No response was filed in opposition to the MDOC Defendants' motion. Plaintiff claims he was never served with that motion and did not know it was filed. (ECF No. 121.)

The local court rules of the Eastern District of Michigan required Plaintiff to file a response to each motion he wished to oppose. *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.") Defendant Fenrick asks for dismissal of the claims against him due to Plaintiff's violation of this rule. While it is true that this circuit provides no "special assistance" for pro se litigants, imprisoned pro se litigants are given more leniency. *United States v. Ninety Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003). This is because prisoners who represent themselves often do so since they have no other choice. *Id.* citing *Jacobsen v. Filler*, 790 F.2d 1362 (9th Cir. 1986). Here, it was not unreasonable for Plaintiff to file two comprehensive responses in opposition to the three motions. Moreover, this Court is hesitant to dismiss any claim for procedural deficiency where claims can otherwise be adjudicated on the merits. Accordingly, Fenrick's final objection is overruled.

---

[1] Plaintiff's response to Webster's motion was mistakenly docketed as a response to the MDOC Defendants' motion. (ECF No. 101.)

**IV.     Conclusion**

For the foregoing reasons, the Court ACCEPTS AND ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's April 18, 2023 Report and Recommendation. (ECF No. 112.) The portion of the Magistrate Judge's Report and Recommendation which refers to the claims against Defendant Roslyn Jindall is REJECTED; all other portions are ACCEPTED AND ADOPTED. Accordingly, Defendant Jesaka Davitt-Webster's motion for summary judgment (ECF NO. 94) is GRANTED; Defendant Roslyn Jindall's motion for summary judgment (ECF No. 97) is DENIED; and MDOC Defendants Campbell, Choge, Choi, and Fenrick's motion for summary judgment (ECF No. 100) is GRANTED IN PART AND DENIED IN PART—it is DENIED as to Plaintiff's Eighth Amendment claims against Defendant Fenrick stemming from Plaintiff's post oral-surgery care, and GRANTED as to the claims against all other Defendants. Only the Eighth Amendment claims against Jindall and Fenrick stemming from Plaintiff's post oral-surgery care remain.

**SO ORDERED**.

                                                s/ Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: September 17, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 17, 2023, by electronic and/or ordinary mail.

                    s/ Lisa Bartlett
                    Case Manager