UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CRAIG WEST,

      Plaintiff,

v.

ROSLYN JINDALL, JHONG CHOI,
JANET CAMPBELL, EMMY CHOGE,
HENRY FENRICK, and
JESAKA DAVITT-WEBSTER,

      Defendants.

_____/

Case No: 21-10225

Honorable Nancy G. Edmunds
Magistrate Judge Patricia T. Morris

**ORDER DENYING DEFENDANT HENRY FENRICK'S MOTION FOR RECONSIDERATION [128]**

On September 17, 2023, this Court accepted in part and rejected in part the Magistrate Judge's report and recommendation on Defendants' motions for summary judgment. (ECF No. 124.) Before the Court is Defendant Henry Fenrick's motion for reconsideration of that order. (ECF No. 128.) Having considered Defendant's motion, the Court does not require oral argument and does not require Plaintiff to file a response. *See* E.D. Mich. L.R. 7.1(h)(3). For the reasons set forth below, Defendant's motion is denied.

**I.    Legal Standard**

"Motions for reconsideration of non-final orders are disfavored." E.D. Mich. L.R. 7.1(h)(2). Such a motion may be granted only if the outcome of the prior decision would be changed by: (1) a mistake of the court "based on the record and law before the court at the time of its prior decision" (2) "[a]n intervening change in controlling law"; or (3) "new facts [that] could not have been discovered with reasonable diligence before the prior

1

decision." *Id.* "A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018).

**II.    Analysis**

Defendant argues in his motion that the Court made a mistake when it did not fully analyze Defendant's first and second objections to the report and recommendation. Those objections, Defendant states, "pointed out factual and legal issues that, if corrected, would result in a different disposition of the claims against him." (ECF No. 128, PageID.1464.)

Though it fully considered all of Defendant's objections, the Court did not provide a detailed analysis of each of them in its September 17, 2023 Order because Defendant's arguments were repetitive of those he made in his motion for summary judgment. *See Owens v. Comm'r of Soc. Sec.*, 1:13-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (indicating that the "Court is not obligated to address objections [which are merely recitations of the identical arguments made before the magistrate judge] because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations") (emphasis in original); *see also Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) ("a district court is not required to articulate all of the reasons it rejects a party's objections").

Defendant argued in his motion for summary judgment that "[b]ecause [Defendant] RN Fenrick did not perceive the facts from which to infer a substantial risk to [Plaintiff] West, he did not act with deliberate indifference to any serious medical need of West."

2

(ECF No. 100, PageID.934-35.) Defendant's first objection to the report and recommendation makes an identical argument stating: "[t]he record undisputedly shows that [Defendant] RN Fenrick did not perceive facts to infer a substantial risk to West . . . [and] establishes that [Defendant] RN Fenrick's response was reasonable given the information available to him. As such, a reasonable jury could not find that [Defendant] RN Fenrick was deliberately indifferent to West." (ECF No. 113, PageID.1353) (citations omitted).

The Magistrate Judge considered Defendant's argument and disagreed. In her report and recommendation, she reasoned:

> [A] factfinder need not accept [Defendant] Fenrick's version of events. . . . [V]iewing the facts in the light most favorable to [Plaintiff] West, Fenrick: (1) heard West complain to him of severe pain from a recent oral surgery, (2) saw that West's face was notably swollen, and (3) read medical records corroborating that West did in fact have a recent oral surgery. With this information, Fenrick certainly knew that West required pain medication. But rather than bring this issue to the attention of a physician, or even provide West with over-the-counter medication, Fenrick ignored West's needs and sent him back to his housing unit.

(ECF No. 112, PageID.1339-40.) Accordingly, the Magistrate Judge concluded that a factfinder may determine Defendant was deliberately indifferent to Plaintiff's serious medical needs. (*Id.* at PageID.1340.) This Court agreed with the Magistrate Judge's analysis on this issue and adopted her report and recommendation as to Defendant Fenrick. (ECF No. 124, PagerID.1456-1458.)

In the present motion, Defendant seeks the proverbial second, now third, bite at the apple, arguing that errors of fact led the Court to a mistaken conclusion regarding the

3

subjective component of the deliberate indifference standard.[1] (*See* ECF No. 128, PageID.1477.) This is improper. "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Indus., Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (emphasis in original), *aff'd*, 483 F. App'x 30 (6th Cir. 2012). Defendant's arguments about whether or what Defendant Fenrick reviewed in Plaintiff's medical records do not convince the Court that it should reach a different decision on this third go-around—if anything, these "errors of fact" identified questions of fact that must go before a jury. As such, summary judgment as to Defendant Fenrick is unwarranted.

### III. Conclusion

For these reasons, Defendant Henry Fenrick's Motion for Reconsideration (ECF No. 128) is **DENIED**.

**SO ORDERED**.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 10, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 10, 2024, by electronic and/or ordinary mail.

s/Holly Ryan
Case Manager

---

[1] Defendant also argues, almost as an aside, that the Court erred in determining Defendant was not entitled to qualified immunity. (ECF No. 128, PageID.1477.) Because Defendant provides no analysis to support this contention, seeming only to rest on arguments made in support of his motion for summary judgment, the Court sees no reason to reach a different conclusion on this issue.