UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CRAIG WEST,

       Plaintiff,

v.

ROSILYN JINDAL, JHONG CHOI,
JANET CAMPBELL, EMMY CHOGE,
HENRY FENRICK,
and JESAKA DAVITT-WEBSTER,

       Defendants.
_____/

Case No: 21-10225

Honorable Nancy G. Edmunds
Magistrate Judge Patricia T. Morris

**<u>ORDER GRANTING PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT JINDAL'S SECOND MOTION FOR SUMMARY JUDGMENT, AND AMENDING DATES FOR TRIAL</u>**

      This matter is before the Court on Defendant Rosilyn Jindal's Second Motion for Summary Judgment (ECF No. 143), Plaintiff Anthony Craig West's Motion to Re-Open Discovery for Limited Purposes (ECF No. 147), and Plaintiff's Motion in Opposition to Defendant Rosilyn Jindal's Second Motion for Summary Judgment (ECF No. 151). For the reasons that follow, the Court GRANTS Plaintiff's Motion to Re-Open Discovery for Limited Purposes, GRANTS IN PART and DENIES IN PART Plaintiff's Motion in Opposition to Defendant Jindal's Second Motion for Summary Judgment, the Court will defer ruling on Defendant Jindal's Motion until the close of discovery, and adjourns the trial date previously set in its Order (ECF No. 140) to accommodate the re-opening of discovery.

**I.**      **Background**

Plaintiff filed this prisoner civil rights case on January 27, 2021, alleging Defendants Jindal, Choi, Campbell, Choge, Fenrick, and Davitt-Webster violated his Eighth Amendment rights by withholding pain medication prescribed for him after oral surgery and by discontinuing quarterly dental cleanings recommended by his physician. Discovery closed in this matter on August 18, 2022. (ECF No. 85.) After motion practice and discovery, only Plaintiff's Eighth Amendment claims regarding his post-operative care against Defendants Jindal and Fenrick remain.[1] (*See* ECF No. 124.)

The incidents which form the core of Plaintiff's claims against Defendant Jindal occurred on November 14, 2019. On that day, following Plaintiff's surgery for teeth extraction, Defendant Jindal allegedly received instructions for Plaintiff's post-operative care. In his Complaint, Plaintiff alleges that Defendant Jindal failed to record the instructions and further failed to communicate them to medical staff.

In support of her Second Motion for Summary Judgment, Defendant Jindal claims she did not work on November 14-17, 2019, attaching her timesheet for support. (ECF No. 143.) Her Motion for Leave to File a Second Motion for Summary Judgement raised for the first time the issue of her absence from work on November 14, 2019.[2] The Magistrate Judge granted Defendant Jindal's procedural motion over Plaintiff's objections, and Plaintiff ultimately filed a response opposing the substantive motion,

---

[1] After the close of discovery, Defendant Jindal moved for leave to file a second dispositive motion based on evidence newly discovered by new counsel. (ECF No. 130.) That motion was referred to and later granted by the Magistrate Judge. (ECF No. 131; ECF No. 132.) This Court set a deadline of April 26, 2024 for Defendant Jindal to file a second dispositive motion if she chose to do so. (ECF No. 140.) Plaintiff's response was ordered due by May 31, 2024. *Id.* Defendant Jindal filed a Second Motion for Summary Judgment on April 12, 2024. (ECF No. 143.) Plaintiff proceeded *pro se* in this matter until the Court was able to enlist counsel for him on April 12, 2024. (ECF No. 142.) Plaintiff filed this Motion to Re-Open Discovery for Limited Purposes on May 24, 2024, and he filed a Motion in Opposition to Defendant Jindal's Second Motion for Summary Judgment on June 6, 2024. (ECF No. 147; ECF No. 151.)

[2] Current counsel for Defendant Jindal were substituted in on May 23, 2023. (ECF No. 123.)

2

including a request for additional discovery related to Defendant Jindal's timesheet and related records. Separate and apart from the response and discovery request Plaintiff filed concerning Defendant Jindal's new affirmative defense, he also filed a Motion to Re-Open discovery as to Defendant Fenrick.

Plaintiff's Motion to Re-Open seeks "to re-open discovery for the limited purpose as follows:

1. Henry Fenrick's deposition;
2. Deposition of the unnamed medical staff person assisting Mr. West with Mr. Fenrick on November 18, 2019;
3. Subpoena to MDOC for documents regarding (1) MDOC's practices and procedures for creating, obtaining, accessing, and maintaining physical and electronic medical records for MDOC inmates, including Mr. West and (2) MDOC's staff time sheets or similar documentation of attendance for medical staff at the Gus Harrison Correctional Facility on November 18, 2019;
4. Deposition of a 30(b)(6) witness from MDOC regarding MDOC's practices and procedures for creating, obtaining, accessing, and maintaining physical and electronic medical records for treatment of MDOC inmates, including Mr. West, at facilities outside of the MDOC system; and
5. Subpoena to University of Michigan Health System regarding MDOC's ability to access physical and electronic medical records created or maintained by the U of M Health System pertaining to treatment of MDOC inmates, including Mr. West."

(ECF No. 147, PageID.1668-69.) While proceeding *pro* se, Plaintiff made several attempts to pursue written discovery through document requests and interrogatories. (*See* ECF No. 60; ECF No. 86; ECF No. 92; ECF No. 147-7, PageID.1702.) Plaintiff also made several requests for counsel to be appointed to assist him in this litigation. (ECF No. 1, PageID.136; ECF No. 115; ECF No. 135.) Plaintiff's discovery requests in this Motion pertain only to Defendant Fenrick, but Defendants Fenrick and Jindal both filed responses in opposition to Plaintiff's Motion to Re-Open. (*See* respectively ECF No. 149; ECF No. 150.)

3

Plaintiff's Motion in Opposition to Defendant Jindal's Second Motion for Summary Judgment requests the following additional discovery items to oppose Defendant Jindal's Motion:

1. "[s]ubpoena [Defendant] Jindal[']s time[]sheet and work schedule documents";
2. "[s]ubpoena [Gus Harrison Correctional Facility] to produce the health[]care services [log-in book]";
3. "depose Defendants Jindal and Choge and Fenrick"; and
4. "formally requesting this court to issue a subpoena to [MDOC and Gus Harrison Correctional Facility] . . . to renew [the] request that was submitted but was not issued by the clerk at [ECF No. 92]."

(ECF No. 151, PageID.1789.) Plaintiff simultaneously filed his Motion in Opposition to Defendant's Second Summary Judgment Motion with his Response thereto. *Id.*

## II.   Plaintiff's Motion to Re-Open Discovery: Standard of Review

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Discovery has bounds, however, and Rule 16(b)(3)(A) requires courts to issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. Meanwhile, Rule 16(b)(4) permits the court to modify its schedule for good cause and with the judge's consent," Fed. R. Civ. P., and courts have "broad discretion to manage [their] docket." *ACLU v. McCreary County, Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).

Courts in this circuit consider three factors when determining whether there is good cause to re-open discovery: (1) "whether the need for additional discovery was precipitated by" the movant's neglect; (2) the specificity and relevance of the additional

4

discovery being sought; and (3) whether there is a compelling reason not to re-open discovery. *Morgan v. Gandalf, Ltd.*, 165 Fed. App'x. 425, 431 (6th Cir. 2006).

### III.     Plaintiff's Motion to Re-Open Discovery: Analysis

#### A.  First *Gandalf* Factor

As an initial matter the Court finds none of the reasons for requesting to re-open discovery are due to Plaintiff's neglect. *See Gandalf*, 165 Fed. App'x. at 431. Although Plaintiff does not appear to have noticed any depositions during the course of discovery, this is excusable where Plaintiff is an incarcerated individual who was litigating without the benefit of counsel. This Court has previously stated when discussing summary judgment that while this circuit provides no "special assistance" for *pro se* litigants, imprisoned *pro se* litigants are given more leniency. (*See* ECF No. 124, PageID.1457 (citing *United States v. Ninety Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003).) Plaintiff promptly moved to re-open discovery and take these depositions after counsel was appointed.

The discovery concerning document subpoenas to MDOC and U of M is likewise not due to Plaintiff's neglect. As discussed earlier, Plaintiff made written discovery requests for records from a U of M doctor and MDOC. (ECF No. 60; ECF No. 86; ECF No. 92; ECF No. 147-7, PageID.1702.) While the subjects of those previous discovery requests differ from those requested for re-opening discovery, the requests in the Motion before the Court are not wholly unrelated.[3] Plaintiff pursued written discovery throughout this litigation to the same or related entities as now requested and on similar topics. (*See* ECF No. 92, PageID.709.) Accordingly, the need for additional discovery as requested in Plaintiff's instant Motion is not due to Plaintiff's neglect.

---

[3] *See* Pl.'s Interrogs. No. 6 to Choge, ECF No. 147-7, PageID.1708 (requesting information relating to the treatment of Plaintiff's medical records by MDOC staff post-operation); ECF No. 147, PageID.1678.

5

### B. Second *Gandalf* Factor

Defendant Fenrick argues the discovery requests concerning the deposition of the unknown medical staff person, the 30(b)(6) deposition of a witness from MDOC, and the document subpoenas to MDOC and U of M are irrelevant to Plaintiff's claims against him.[4] (ECF No. 149, PageID.1735-37.) The Court disagrees. Each of these requests is relevant to establishing what Defendant Fenrick could have known about Plaintiff's medical condition and needs post-operation. As for the request for the medical staff person assisting Defendant Fenrick on November 18, 2019, he or she is the only third-party witness to the interactions between Defendant Fenrick and Plaintiff on that day. November 18, 2019 is the date when Plaintiff allegedly informed Defendant Fenrick of his medical needs. The testimony of any third-party witness is relevant to that issue. The documents and testimony encompassed by the requests for a 30(b)(6) witness from MDOC and document subpoenas to MDOC and U of M likewise have bearing on what information Defendant Fenrick had available to him regarding Plaintiff's medical needs on November 18, 2019. All this information is relevant to Plaintiff's claim of Defendant Fenrick's deliberate indifference to his serious medical needs.

Neither defendant appears to argue that the discovery requests are overly broad or lacking in specificity in any way. The Court finds they are sufficiently specific. The discovery requests describe the documents that would be sought, are limited to two depositions of individuals, and a third deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) in which the subjects of testimony would be exchanged beforehand.

---

[4] Defendant Fenrick does not appear to dispute that the request to take his deposition is relevant to Plaintiff's claims against him. For the avoidance of doubt, the Court finds discovery request 1 is relevant to Plaintiff's claims against Defendant Fenrick.

### C. Third *Gandalf* Factor

Defendant Fenrick raises several arguments in his Response to Plaintiff's Motion regarding the third *Gandalf* factor, including: (1) Plaintiff had opportunity to conduct the requested discovery during the discovery period; (2) Defendant Fenrick will be unduly prejudiced because of additional costs in responding to discovery; (3) Defendant Fenrick will suffer undue prejudice because he already filed his summary judgment motion under the expectation that discovery was closed;[5] and (4) re-opening discovery will also be unduly prejudicial because trial will have to be adjourned to accommodate discovery demands.[6] (ECF No. 149, PageID.1737-41.) As for the first argument, the Court reiterates

---

[5] Defendant Fenrick cites two cases in support of his argument that allowing discovery to be re-opened after a defendant has filed their motion for summary judgment unduly prejudices the defendant. (ECF No. 149, Page.ID1739.) First, Defendant Fenrick cites *Johnson v. Cathers*. No. 19-258, 2022 WL 576401, at *2 (E.D. Ky. Feb. 25, 2022), aff'd, No. 22-5246, 2022 WL 19334566 (6th Cir. Nov. 9, 2022), reh'g denied (Jan. 19, 2023). Defendant Fenrick also cites to *Williams v. Defenders, Inc.*, No. 19-02567, 2021 WL 4896581 at *5 (W.D. Tenn. Oct. 20, 2021). Both cases are distinguishable from the circumstances here. In *Johnson*, the movant sought to re-open discovery after the defendant already briefed and filed their summary judgment motion, but *before* the court issued any ruling on it. No. 19-258, 2022 WL 576401, at *2. The differences in *Williams* are also significant where the movant sought to re-open discovery in part to re-take the deposition of a witness that they had already taken the deposition of, but the deposition took place after the discovery deadline and without the defendants present. No. 19-02567, 2021 WL 4896581 at *5. Moreover, in *Williams* the movant sought to use that deposition as well as the opportunity to re-take it in re-opened discovery in their opposition to the defendants' motion for summary judgment – which had yet to be ruled on by the court. *Id*. Here, Defendant Fenrick's motion for summary judgment has already been addressed and the Court has found that there is a genuine dispute of material fact in the claims against him. (ECF No. 124; ECF No. 139.)

[6] For her part, Defendant Jindal also opposes Plaintiff's Motion on the grounds that Plaintiff had ample opportunity to participate in discovery and that re-opening discovery could delay trial to accommodate these discovery requests or force the Court to delay ruling on her Second Motion for Summary Judgment. (ECF No. 150, Page.ID 1746-1747.) Additionally, Defendant Jindal opposes this Motion on grounds that Plaintiff's counsel was appointed to represent him at trial, and these discovery requests go beyond those bounds by signifying Plaintiff's counsel "adjust[ing] Plaintiff's case/trial strategy" and "start[ing] this case over." (*Id.* at 1754.)

A trial attorney is well within their designated role to adjust or recommend trial strategy. As the limited purposes for re-opening discovery do not relate to Plaintiff's claims against Defendant Jindal, the Court's analysis of Plaintiff's Motion does not impact how it treats Defendant's Second Motion for Summary Judgment. The Court will address Defendant Jindal's Second Motion for Summary Judgment and Plaintiff's Motion in Opposition elsewhere in this Order. Finally, as the Court has explained above, these discovery requests are narrowly tailored and seek specific documents and a limited set of witnesses for deposition testimony. The Court is satisfied that these discovery requests are limited to the purpose of preparing for trial and not an attempt to squeeze in the depth and scope of discovery that would be expected over the course of a normal discovery period before trial.

its discussion of Plaintiff's diligence and limitations in pursuing discovery while proceeding *pro se* and the leniency shown to imprisoned *pro se* litigants from the first *Gandalf* factor above.

The Court recognizes that Defendant Fenrick will suffer increased costs and time required to comply with the discovery request to take his deposition. Given the specificity, relevance, and limited purposes of these discovery requests, however, and considering that only one of the requests is directed at Defendant Fenrick himself, the prejudice is not enough to prevent Plaintiff from pursuing them. The Court finds that it is in the interests of justice that Plaintiff have the opportunity to do so.

Likewise, Defendant Fenrick's and Defendant Jindal's observation that allowing discovery to be re-opened would prejudice them by necessitating a delay of trial is correct. Alternatively, Defendant Jindal would be correct in her argument that allowing discovery to be re-opened without delaying trial would be "a great burden on the parties" considering the time and efforts required for both re-opened discovery and trial preparations. (*See* ECF No. 150, Page.ID1754-55.) The Court is persuaded, however, that the interests of fairness and justice would be better served by delaying trial to accommodate the limited purposes for re-opening discovery.

In sum, the Court finds there is no compelling reason to deny Plaintiff's Motion to Re-Open Discovery for Limited Purposes, that the need for additional discovery is not caused by Plaintiff's neglect, and that each *Gandalf* factor favors Plaintiff's request.

**IV.    Plaintiff's Motion in Opposition to Defendant Jindal's Second Motion for Summary Judgment: Standard of Review**

Regarding summary judgment, Federal Rule of Civil Procedure 56(d) provides that "[i]f a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

1. defer considering the motion [for summary judgment] or deny it;
2. allow time to obtain affidavits or declarations or to take discovery; or
3. issue any other appropriate order."

Courts in this circuit have held that the party invoking Rule 56(d) must meet certain technical requirements; namely they must file an affidavit "demonstrating . . . how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)). Further, the party's affidavit must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

If the party invoking Rule 56(d) meets those technical requirements, courts in this circuit consider additional factors as set forth in *Plott v. General Motors Corp.* and its progeny. 71 F.3d 1190, 1196-97 (6th Cir. 1995); *see also Doe* 928 F.3d at 491; *E.M.A. Nationwide* 767 F.3d at 623. "[I]n reviewing a district court's ruling on a motion for further discovery," the Sixth Circuit considers five factors:

> (1) when the appellant learned of the issue that is the subject of desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*Doe* 928 F.3d at 491 (quoting *CenTra Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)).[7] The first factor "primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." *Burnett v. Herron*, No. 18-12471, 2023 WL 2712476 at *9 (E.D. Mich. Mar. 30, 2023) (quoting *Doe* 928 F.3d at 492-93). "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). Also, "[the Sixth Circuit] has cited approvingly other circuits' view that a motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery." *Doe* 928 F.3d at 490 (quoting *E.M.A. Nationwide* 767 F.3d at 623 n.7).

### V. Plaintiff's Motion in Opposition to Defendant Jindal's Second Motion for Summary Judgment: Analysis

#### A. Whether Plaintiff Has Met Rule 56(d)'s Technical Requirements

Plaintiff's Motion in Opposition and accompanying affidavit adequately demonstrate how he would use some of the requested additional discovery, and the Court deferring ruling on Defendant Jindal's pending Motion, to show there is a genuine issue of material fact. *See Doe* 928 F.3d at 490 (quoting *E.M.A. Nationwide* 767 F.3d at 623). In part, Plaintiff seeks discovery of Defendant Jindal's "time[]sheet and work schedule

---

[7] While the *Plott* factors originated in the Sixth Circuit as a test for whether a district court abused its discretion, in *Doe* the court noted "it does not appear that the district court considered all five of the *Plott* factors, as it never acknowledged them" in going on to remand the case for further discovery under Rule 56(d). 928 F.3d at 491. Further, as noted by the court in *Burnett v. Herron*, the *Plott* factors have been used in analysis of Rule 56(d) issues by several district courts in this circuit. No. 18-12471, 2023 WL 2712476 at *8 n.10 (E.D. Mich. Mar. 30, 2023). The court in *Burnett* also pointed out that some district courts in this circuit only apply the *Plott* factors after determining the 56(d) technical requirements have been met while others apply the *Plott* factors regardless of that determination. *Id.* The Court will apply the *Plott* factors to each of Plaintiff's requests here in the absence of clearer guidance.

documents" that would "prove the authentication of her recently submitted time[]sheet." (ECF No. 151, PageID.1789.) Plaintiff also seeks discovery on a healthcare service log in book to "verify with certainty whether or not [Defendant] Jindal signed in on November 14[,] 2019." *Id.* Plaintiff has adequately indicated that he seeks this additional discovery to use in concert with existing ambiguities or inconsistencies in Defendant Jindal's timesheet and previous interrogatory responses of Defendant Jindal and former defendant Emmy Choge to demonstrate a genuine issue of material fact. *Id.* at 1794-95.

Plaintiff has also indicated that this additional discovery is needed to explore the ambiguities or inconsistencies in Defendant Jindal's timesheet because her timesheet is new documentary evidence on an issue that was raised to the Court for the first time in recent months. *Id.* at 1788, 93. Without more, the potential significance of the ambiguities or inconsistencies in Defendant Jindal's timesheet is unknown. Plaintiff has therefore also indicated the need for the discovery requests for documents related to Defendant Jindal's attendance and work schedule.

Plaintiff is excused for not previously discovering the information now sought because he did not learn of the need for discovery on the issue until after discovery had closed. This is because Defendant Jindal did not raise the argument of her work absence until her Motion for Leave to File a Second Motion for Summary Judgment in February 2024. Accordingly, Plaintiff's discovery requests for timesheet and work schedule documents and the log-in book meet the technical requirements of Federal Rule of Civil Procedure 56(d). Fed. R. Civ. P.

Plaintiff's requests for additional discovery to take the deposition of Defendants Jindal and Fenrick and former defendant Emmy Choge and for the Court to issue a

11

subpoena to MDOC as Plaintiff previously requested at ECF No. 92 do not meet the technical requirements of 56(d). Fed. R. Civ. P. Plaintiff seeks the opportunity to take these depositions "to get their accounts of this civil litigation." (ECF No. 151, PageID.1789.) The issue is moot as to Defendant Fenrick because, as mentioned above, the Court will allow discovery to be re-opened in part to take Defendant Fenrick's deposition. Defendant Fenrick does not, however, appear to have relevant information on the issue of Defendant Jindal's timesheet and attendance. As for Emmy Choge, her most pertinent interrogatory response states at the outset that she "has no independent recollection of Plaintiff's claims and relies on his medical record to respond to this interrogatory." (ECF No. 147-7, PageID.1708.) She does note that she placed Plaintiff's post-operative instructions on "the provider's desk for review" and that Defendant Jindal "would have been" the healthcare provider on November 14, 2019. *Id.* However, Plaintiff does not indicate what testimony different or additional to her interrogatory response would be expected or how that testimony would be used to create a genuine issue of fact. Likewise, Defendant Jindal has stated repeatedly to this Court through different filings that she did not work on November 14, 2019, and Plaintiff offers no explanation as to what different or additional testimony would be expected and how it would be used to create a genuine issue of fact. (ECF No. 130; ECF No. 143; ECF No. 150.)

Plaintiff's request for the Court to issue a subpoena at ECF No. 92 seeks several categories of documents from MDOC: Plaintiff's healthcare records, Plaintiff's requests for healthcare, and log-in records for healthcare workers.[8] (ECF No. 92, PageID.709-15.)

---

[8] Plaintiff appears to couch his request for the Court to issue a subpoena to MDOC based on a previous request for the Court to do so as an alternative to allowing him to make additional discovery requests, presumably like the discovery requests for timesheet and work schedule documents and the log-in book. (ECF No. 151, PageID.1788.) The Court will address this request as if it stands alone like the rest of the requests for clarity.

Plaintiff does not indicate how he would use his medical records to create a genuine issue of fact or why he needs them to do so. Likewise, Plaintiff does not explain or indicate in this part of his discovery requests how he would use the log-in book or work schedule documents or why he needs them. Accordingly, Plaintiff's Rule 56(d) discovery requests to take depositions and for the Court to issue a subpoena to MDOC fail to meet technical requirements.

### B. First *Plott* Factor: When Plaintiff Learned of the Issue that is Now the Subject of Desired Discovery

Here, it is undisputed that Plaintiff did not learn about the timesheet evidence Defendant Jindal uses to support her Second Motion for Summary Judgment until she brought it to the Court's attention in February 2024, more than a year after discovery closed. (*See* ECF No. 130.) Defendant Jindal's action or lack of action prevented Plaintiff from learning about it until recently.[9] Therefore, Plaintiff is not now moving to re-open discovery to oppose Defendant Jindal's Motion because of his lack of diligence during discovery. The first *Plott* factor favors Plaintiff.

### C. Second *Plott* Factor: Whether the Desired Discovery Would Change the Court's Ruling

Plaintiff has indicated how the desired discovery for the timesheet and work schedule documents of Defendant Jindal and the healthcare log-in book could create a genuine issue of fact or change the Court's ruling on Defendant Jindal's Motion. Plaintiff has adequately demonstrated how inconsistencies and ambiguities in MDOC's record-keeping could cast enough doubt on Defendant Jindal's timesheet that a reasonable jury

---

[9] *See Burnett* 2023 WL 2712476 at *9 (noting the first factor primarily deals with whether plaintiff was prevented from learning about the subject of desired discovery until after discovery had already been sought) (quoting *Doe* 928 F.3d at 492-93)).

could conclude she did work on November 14, 2019 and received Plaintiff's post-operation care instructions. Plaintiff's discovery requests for depositions and for the Court to issue a document subpoena to MDOC, however, do not appear to have potential to create a genuine issue of fact. As stated above, Plaintiff has not supplied any basis to think the deposition testimony of Emmy Choge or Defendant Jindal would differ from their previous statements on the record. Moreover, Defendant Fenrick does not appear to have any relevant information related to Defendant Jindal's Second Motion for Summary Judgment. The second factor favors Plaintiff's discovery requests for Defendant Jindal's timesheets and work schedule documents and the healthcare service log-in book, but not the requests for depositions.

### D. Third *Plott* Factor: How Long the Discovery Period Lasted

The length of discovery is irrelevant where, as here, the subject for which the movant seeks additional discovery was not put at issue until more than a year after the close of discovery.

### E. The Fourth *Plott* Factor: Whether Plaintiff was Dilatory in his Discovery Efforts

There is nothing to suggest Plaintiff was dilatory in any manner with respect to this issue.

### F. The Fifth *Plott* Factor: Whether Defendant Jindal was Responsive to Discovery Requests

Like the third factor, the fifth factor is not relevant to the facts of this case. The record does not reflect either Defendant Jindal or MDOC being unresponsive to discovery requests.

On balance, the *Plott* factors favor Plaintiff being allowed limited discovery to oppose Defendant Jindal's Second Motion for Summary Judgement under Rule 56(d). Fed. R. Civ. P. The Court finds Plaintiff's requests for discovery on records for Defendant Jindal's timesheets and work schedule documents as well as the log-in book for healthcare workers meet the technical requirements of Rule 56(d) and that the circumstances of these requests warrant allowing them under the *Plott* factors. Fed. R. Civ. P.

**VI.   Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Re-Open Discovery for Limited Purposes. (ECF No. 147.) The Court GRANTS IN PART Plaintiff's Motion in Opposition to Defendant Jindal's Second Summary Judgment Motion for the limited purposes of issuing subpoenas for Defendant Jindal's timesheet and work schedule documents for a time period not to exceed September-November 2019 and the healthcare services log-in book at Gus Harrison Correctional Facility for November 2019. (ECF No. 151.) The remainder of Plaintiff's Motion in Opposition to Defendant Jindal's Second Summary Judgment Motion is DENIED. The Court will defer ruling on Defendant Jindal's Second Motion for Summary Judgment until Plaintiff has had opportunity to pursue discovery necessary to oppose it consistent with this Order.

Given the age of this case and to ensure a quick resolution of this litigation while allowing adequate discovery, **IT IS HEREBY ORDERED**:

- that Plaintiff shall notice depositions to Defendant Fenrick and MDOC for a 30(b)(6) witness no later than **July 9, 2024**;

- that Plaintiff shall issue document subpoenas as contemplated in ECF No. 147 no later than **July 9, 2024**;

- that the deposition of Defendant Fenrick shall take place no later than **July 31, 2024**;

- that Plaintiff shall serve a deposition notice on unknown healthcare worker who assisted Defendant Fenrick no later than five days after their identity is discovered or Plaintif is notified of their identity;

- Plaintiff shall file his response to Defendant Jindal's Second Motion for Summary Judgment, if he chooses to do so, no later than **August 1, 2024**; and

- that Plaintiff shall issue document subpoenas as contemplated in ECF No. 151 and as limited by this Order no later than **July 10, 2024**.

The **Joint Final Pre-Trial Order** shall be submitted no later than **August 13, 2024**.

The **Final Pre-Trial Conference** is scheduled for **August 20, 2024, at 10:00 a.m.**

Trial will begin with Voire Dire on **September 5, 2024, at 9:00 a.m.**

SO ORDERED.

        s/ Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated: July 2, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2024, by electronic and/or ordinary mail.

        s/ Marlena Williams  
        Case Manager