UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CRAIG WEST,

          Plaintiff,

v.

ROSLYN JINDALL, ~~JHONG CHOI~~,
~~JANET CAMPBELL~~, ~~EMMY CHOGE~~,
HENRY FENRICK, and
~~JESAKA DAVITT-WEBSTER~~,

          Defendants.

Case No. 2:21-10225

Honorable Nancy G. Edmunds
United States District Judge

## JOINT FINAL PRETRIAL ORDER

The following shall govern the course of trial unless modified by further order of the Court. Fed. R. Civ. P. 16(d). This order is based on the pleadings and the parties' pretrial submissions.

### I. JURISDICTION.

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims in this case arise under a federal question arising under 42 U.S.C. § 1983.

## II.     PLAINTIFF'S CASE.

## A.     Anthony C. West's Claims

This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by Plaintiff Anthony C. West alleging that Defendants Roslyn Jindal and Henry Fenrick violated the Eighth Amendment of the United States Constitution by acting with deliberate indifference to Mr. West's severe medical needs resulting in cruel and unusual punishment while Mr. West was imprisoned at Gus Harrison Correctional Facility in Adrian, Michigan.

Mr. West had surgery on November 14, 2019 at the University of Michigan hospital. The surgery was successful and supervising corrections officers were provided with postoperative instructions, prescriptions for Oxycodone and Motrin 600, and gauze to stop the bleeding. The post-operative medical paperwork from University of Michigan was placed on Defendant Jindal's desk to ensure follow-up care, including prescribed pain medications. Despite receiving the postoperative instructions on November 14, 2019, Defendant Jindal did nothing to process the paperwork into the MDOC system or otherwise address Mr. West's serious medical need in a timely manner. Because Defendant Jindal did not process the paperwork, Mr. West was subjected to the ridicule of asking other inmates for over-the-counter pain medication and using toilet paper instead of gauze.

By Mr. West's fourth day of recovery—despite experiencing serious pain, which impacted his ability to sleep and eat—he still had not received his prescription pain medication. On November 18, 2019, at a pre-scheduled medical appointment, Mr. West told the two nurses, one of whom was Defendant Henry Fenrick, that he was in tremendous pain, that he did not receive his prescriptions following oral surgery, and that he needed pain medication. Mr. West's face was visibly swollen, he was bleeding from his surgical site, and a foul tasting and smelling discharge was secreting from the surgical site. The second nurse reached for the cabinet containing the pain medication, but Defendant Fenrick stopped her. During the appointment, Defendant Fenrick was on his computer to look at Mr. West's records, but Fenrick claimed he could not find any record of his offsite tooth extraction; so, he sent Mr. West back to his housing unit without pain medication or any other treatment to the site.

Defendant Fenrick exhibited deliberate indifference to a substantial risk of serious harm to Plaintiff West when he did nothing to treat Mr. West's considerable pain from a recent, traumatic surgery. Defendant's failure to treat Mr. West caused Mr. West to suffer pain, humiliation, and mental anguish.

Defendant Jindal exhibited deliberated indifference to a substantial risk of serious harm to Plaintiff West when she recklessly disregarded the post-operative instructions, including prescription pain medication, which Mr. West needed

3

following his traumatic surgery. Defendant's failures caused Mr. West to suffer pain, humiliation, and mental anguish, culminating in a violation of Mr. West's 8th amendment rights against cruel or unusual punishment.

There are no longer any surviving claims against Jhong Choi, Janet Campbell, Emmy Choge, and Jesaka Davitt-Webster.

### B.      Defendant Jindal's Defenses.

Defendant Jindal denies that she was deliberately indifferent to Plaintiff West's serious medical needs. She denies that she did receive or should have received Plaintiff's discharge instructions on November 14, 2019. Defendant Jindal denies that she was working on November 14, 2019 or present as the proper provider for Nurse Choge to give Plaintiff's discharge instructions to on that date.

As she was not present or involved in Plaintiff's care, she was not deliberately indifferent to Plaintiff's medical needs by failing to input and/or evaluate Plaintiff's pain medication prescription into his medical records, as alleged by Plaintiff. Plaintiff cannot prove the objective or subjective components of his deliberate indifference claims against Defendant Jindal.

### C.      Defendant Fenrick's Defenses

RN Fenrick denies that he was deliberately indifferent to a serious medical need.  On November 18, 2019, Plaintiff reported to the medical clinic for a

previously scheduled appointment for blood work and a urinalysis.  RN Fenrick was present for this appointment.

RN Fenrick denies that Plaintiff complained about being in serious pain. Plaintiff did state that he did not receive his pain medication and was in some pain, but he did not display signs of discomfort, nor did he appear to be in any significant distress.  Even though Plaintiff was there for bloodwork and a urinalysis, RN Fenrick did check Plaintiff's medical record and did not see anything in it that indicated that Plaintiff had recently undergone oral surgery at U of M Hospital or had pending or recently ordered prescriptions.   Although Plaintiff asked for narcotic pain medication, by law RN Fenrick was not legally able to prescribe or dispense this medication without a prescription from a doctor.   In addition, Plaintiff had a prescription for Tylenol at this time, and admits that he was also receiving pain and anti-inflammatory medications from other sources.

RN Fenrick instructed Plaintiff to follow the correct procedure by filing a kite with medical to get an appointment to see a medical service provider.   From November 14, when Plaintiff returned from U of M Hospital, until November 20, when he was seen by Dr. Davitt-Webster, Plaintiff filed one kite regarding his medication, after his lab appointment with Fenrick, and it was received after he had already been seen by Dr. Davitt-Webster.

### III.    Stipulation of Facts

This section addresses facts stipulated by the parties.

1.      The parties to this case are Anthony C. West, Roslyn Jindal, and Henry Fenrick.

2.      In November 2019, Anthony C. West was an inmate of the Michigan Department of Corrections ("MDOC") and housed at Gus Harrison Correctional Facility (ARF) in Adrian, Michigan.

3.      In November 2019, Defendant Roslyn Jindal was a physician's assistant employed by Corizon Health, Inc. to provide prison healthcare services to inmates at ARF.

4.      In November 2019, Defendant Henry Fenrick was employed by the MDOC as a Registered Nurse to provide prison healthcare services to inmates at ARF.

5.      The Defendants acted under color of state law.

Plaintiff's Proposed Stipulated Facts, to which Defendants object:

1.      On November 14, 2019, at about 8:00 a.m., Mr. West underwent oral surgery at University of Michigan wherein his teeth #31 and #32 were surgically extracted.

2.      Mr. West's tooth #32 was complete bony impacted and his buccal bone was relieved using a TPS drill with fissure bar.

3.      A University of Michigan doctor prescribed Mr. West the following post-operative medications: Oxycodone 5mg, Peridex, Ibuprofen 600mg, and Tylenol 500mg.

4.      Following the surgery, the University of Michigan discharged Mr. West and provided Mr. West's supervising corrections officers with oral and written postoperative instructions, the prescriptions, and gauze to stop Mr. West's bleeding.

5.      Following discharge, Mr. West was transported back to Gus Harrison Correctional Facility and returned to his cell.

6.      At or about 12:40 p.m. on November 14, 2019, Mr. West was seen by MDOC registered nurse Emmy C. Choge and was given pain medications and ice to put on the side of his cheek.

7.      At or about 7:13 a.m. on November 18, 2019, Mr. West was seen by MDOC registered nurse Henry J. Fenrick and registered nurse Monica Smith for a pre-scheduled appointment.

8.      On November 18, 2019, Mr. Fenrick did not treat Mr. West for his post-operative pain or condition.

## IV.   ISSUES OF FACT TO BE LITIGATED

The following factual issues necessary to the final disposition of this case are contested:

1.     Whether Emmy Choge put the discharge paperwork on Defendant Jindal's desk.

2.     Whether Defendant Jindal saw the discharge paperwork on November 14-20, 2019.

3.     Whether, on or after November 14, 2019, Defendant Jindal was deliberately indifferent by not processing or otherwise addressing Mr. West's November 14, 2019 discharge paperwork from University of Michigan.

4.     Whether, on November 14, 2019, Defendant Fenrick was deliberately indifferent regarding his involvement with Mr. West.

5.     Whether Mr. West had a serious medical need that required him to be treated.

6.     Whether, on or after November 14, 2019, Defendant Jindal subjectively inferred that Mr. West had a substantial risk of serious harm.

7.     Whether, on November 18, 2019, Defendant Fenrick was aware of facts from which the inference could be drawn that a substantial risk of serious harm to Mr. West existed, and that Fenrick drew that inference.

8.     Whether Defendant Jindal, with deliberate indifference to Mr. West's serious medical need, failed to provide Mr. West with appropriate medical care within a reasonable time on or after November 14, 2019.

9.      Whether Defendant Fenrick, with deliberate indifference to Mr. West's serious medical need, failed to provide Mr. West with appropriate medical care.

10.     Whether a reasonable medical professional would perceive Mr. West's condition as a serious medical need?

11.     Whether Mr. West's need for treatment following a surgical tooth extraction constituted a substantial risk of harm?

12.     Whether the medical records viewed by RN Fenrick during the November 18, 2019, appointment showed that there was a prescription for medication in effect?

13.     Whether the medical records viewed by RN Fenrick during the November 18, 2019, appointment showed that Mr. West underwent oral surgery?

14.     Whether Defendant RN Fenrick had the legal capacity to dispense medication without a prescription.

15.     Whether Plaintiff suffered damages as a result of Defendant Fenrick's conduct and, if so, what was the nature and extent of those damages?

16.     Whether Plaintiff suffered damages as a result of Defendant Jindal's conduct and, if so, what was the nature and extent of those damages?

17.     Whether Defendant Rosilyn Jindal was working at ARF on November 14, 2019.

18.     Whether Defendant Rosilyn Jindal received Plaintiff's discharge instructions from the University of Michigan on November 14, 2019 or any later time.

### VII.   ISSUES OF LAW TO BE LITIGATED

1.     Any outstanding pretrial matters concerning issues of law, including jury instructions and verdict forms.

2.     Any outstanding motions *in limine*.

3.     Any evidentiary objections made at trial.

4.     Any post-trial motions concerning judgment notwithstanding the verdict, judgment as a matter of law, and other post-trial motions, should they arise.

5.     Whether Plaintiff can prove that on November 14, 2019, he had a sufficiently serious medical need.

6.     Whether Plaintiff can prove that on November 14, 2019, Defendant Jindal subjectively perceived facts from which to infer substantial risk to the prisoner, did in fact draw the inference, and that she then disregarded that risk by failing to take reasonable measures to abate it.

7.     Whether Defendant Jindal acted with a sufficiently culpable state of mind, rising above gross negligence.

8.     Whether Plaintiff had an objectively serious medical need for medication beyond what he was already taking on the morning of November 18[1], 2019, when he encountered RN Fenrick.

9.     Whether Defendant RN Fenrick was subjectively aware that Plaintiff had a serious medical need and was deliberately indifferent to that need.

10.    Whether the September 5, 2024 trial date should be adjourned until after the Plaintiff's motion to amend witness list to an expert witness and co-Defendants second motion for summary judgment is decided.

11.    Should Plaintiff be awarded punitive damages for his injuries, and, if so, what amount.

12.    Should Plaintiff be awarded compensatory damages for his injuries, and, if so, what amount.

## VIII.  EVIDENCE PROBLEMS LIKELY TO ARISE AT TRIAL

### A.    Motions in Limine

Plaintiff West has 3 motions *in limine*

- Motion to Bar disclosure of Plaintiff's prior arrests and convictions.

---

[1] Plaintiff objects to the phrasing of this issue as stated in that it assumes unproven facts. Plaintiff's proposed phrasing: "Whether Plaintiff had an objectively serious medical need for pain medication on the morning of November 18, 2019, when he encountered RN Fenrick."

- Motion to Bar disclosure of dismissed Defendants.

- Omnibus Motion in Limine.

Defendant Roslyn Jindal has no motions *in limine*.

Defendant Henry Fenrick has two motions *in limine*.

- To limit evidence or testimony regarding Plaintiff's prior medical history regarding his cancer diagnosis and treatment and oral surgery prior to his encounter with RN Fenrick on November 18, 2019.

- To exclude expert testimony of Ennis Bedair.

**B.    Other Evidence Issues**

The parties believe that the Court will need to rule on the following legal / evidentiary issues, among others, during the course of the trial:

- Objections to exhibits—including that certain exhibits may be irrelevant, prejudicial, hearsay, or the subject of motions *in limine*; and

- Objections to the parties' deposition designations.

**C.    Plaintiff's proposed stipulations as to authenticity and foundation as to certain exhibits to expedite trial proceedings, which Plaintiff proposed at both meet and confer meetings (on August 7 and August 12) but were not agreed:** MDOC medical records (including dental records); U of M medical records (including dental records); and MDOC Records.

12

Defendant Fenrick did not receive this proposal from Plaintiff until after 5PM on the day this joint file pretrial order was due.  It is also unclear what documents Plaintiff is referring to in his proposal.  As such Defendant Fenrick is unable to stipulate to foundation and authenticity at this time.

### V.    Witnesses.

| Witnesses Plaintiff WILL CALL | Address | Objection |
|---|---|---|
| Anthony Craig West (Plaintiff) | c/o Lena M. Gonzalez, Bush Seyferth, PLLC, 100 W. Big Beaver Road, Suite 400, Troy, MI 48084 | |
| Nicole Naidoo, DMD | 20681 Montague Lane, Grosse Pointe Woods, MI 48236 | Defendant Fenrick objects to this witness based on FRE 401 Relevancy and FRE 403 Confusing the Jury. |

| Witnesses Defendant Jindal WILL CALL | Address | Objection |
|---|---|---|
| Plaintiff Anthony West | | |
| Defendant Rosilyn Jindal, PA | | |
| Emmy Choge, RN | | Defendant Fenrick objects to this witness based on FRE 401 Relevancy – if Jindal is dismissed from this case. |

| Witnesses Defendant Fenrick WILL CALL | Address | Objection |
|---|---|---|
| Henry Fenrick | c/o Sara Trudgeon Michigan Dept. of Attorney General Corrections Division P.O. Box 30217 Lansing, MI 48909 | |
| Kimberly Korte | c/o Sara Trudgeon Michigan Dept. of Attorney General Corrections Division P.O. Box 30217 Lansing, MI 48909 | |
| Anthony West | c/o Lena M. Gonzalez, Bush Seyferth, PLLC, 100 W. Big Beaver Road, Suite 400, Troy, MI 48084 | |

| Witnesses Plaintiff West MAY CALL | Address | Objection |
|---|---|---|
| Emmy Choge | c/o Sara E. Trudgeon, Assistant Attorneys General, Michigan Department of Attorney General Corrections Division, PO Box 30217, Lansing, MI 48909 | Defendant Fenrick objects to this witness based on FRE 401 Relevancy – if Jindal is dismissed from this case. |
| Jesaka Davitt-Webster | c/o James S. Fanzini, Goodman Acker, P.C., 17000 West Ten Mile Road, Southfield, MI 48075 Joshua Charles Mayowski, Lynda B. Farnen, Theresa A. Pinch, Merry, Farnen & | |

| | Ryan, 300 Maple Park Blvd., Ste #301, St. Clair Shores, MI 48081 | |
|---|---|---|
| MDOC records custodian | Michigan Department of Corrections, 206 E Michigan Ave., Lansing, MI 48933 or Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, MI 49221 (or Sara Trudgeon) | |
| U of M records custodian | 3621 South State Street, 700 KMS Place, Ann Arbor MI 48108 | |
| Ennis Malik Bedair, BDS, Non-retained expert witness / Fact witness | U of M Health, 1500 E Medical Center Dr, Floor 2 Room C213, Ann Arbor, MI 48109 | Defendant Fenrick objects to this witness based on FRE 401 Relevancy, FRE 403 Confusing the Jury, and FRE 702 & 703 Expert testimony. |
| Johanna Andersen | Michigan Department of Corrections, 206 E Michigan Ave., Lansing, MI 48933 or Sara Trudgeon? | Defendant Fenrick objects to this witness based on FRE 401 Relevancy |
| Henry Fenrick (Defendant) | c/o Sara E. Trudgeon, William J. Predhomme, Michigan R. Dean, Assistant Attorneys General, Michigan Department of Attorney General Corrections Division, PO Box 30217, Lansing, MI 48909 | |
| Monica Smith | Michigan Department of Corrections, 206 E Michigan Ave., Lansing, MI 48933 | |

| | | |
|---|---|---|
| Any necessary rebuttal witness | | |
| Any necessary rebuttal expert witness | | |

| Witnesses Defendant Jindal MAY CALL | Address | Objection |
|---|---|---|
| Officer Wagner | | |
| Kimberly Korte, HUM | | |
| Kaylene Aquirre, health unit secretary at ARF | | |
| Jesaka Davitt-Webster, DDS | | |

| Witnesses Defendant Fenrick MAY CALL | Address | Objection |
|---|---|---|
| Jesaka Davitt-Webster, DDS | c/o James S. Fanzini, Goodman Acker, P.C., 17000 West Ten Mile Road, Southfield, MI 48075<br><br>Joshua Charles Mayowski, Lynda B. Farnen, Theresa A. Pinch, Merry, Farnen & Ryan, 300 Maple Park Blvd., Ste #301, St. Clair Shores, MI 48081 | |
| Any necessary rebuttal witness | | |
| Any necessary rebuttal expert witness | | |

By 6 PM E.T. two business days before each day of trial, each party will exchange (vie electronic mail) a list of witnesses (fact and expert) that it intends to call for direct examination, in the order that it intends to call them.

## VI.   Exhibits.

The following exhibits will be offered by the plaintiff and the defendants.

| Plaintiff's Exhibit Number | Description | Objection |
|---|---|---|
| 1 | University of Michigan's August 12, 2019 Medical Record of evaluation of Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 2 | Callouts from University of Michigan's August 12, 2019 Medical Record of evaluation of Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 3 | MDOC's August 21, 2019 Response to Mr. West's Medical Kite | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 4 | Callouts from MDOC's August 21, 2019 Response to Mr. West's Medical Kite | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 5 | MDOC's August 28, 2019 Medical Record of visit with Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 6 | Callouts from MDOC's August 28, 2019 Medical Record of visit with Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 7 | MDOC's August 29, 2019 Response to Mr. West's Medical Kite | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 8 | Callouts from MDOC's August 29, 2019 Response to Mr. West's Medical Kite | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |

| 9 | MDOC's September 23, 2019 Response to Mr. West's Medical Kite | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 10 | Callouts from MDOC's September 23, 2019 Response to Mr. West's Medical Kite | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 11 | MDOC's September 30, 2019 Medical Record of visit with Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 12 | Callouts from MDOC's September 30, 2019 Medical Record of visit with Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 13 | Mr. West's November 6, 2019 Letter to J. Campbell | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 14 | Callouts from Mr. West's November 6, 2019 Letter to J. Campbell | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 15 | Mr. West's October 13, 2019 Kite Request Submitted to MDOC | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 16 | Callouts from Mr. West's October 13, 2019 Kite Request Submitted to MDOC | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 17 | Mr. West's November 13, 2019 Letter to Defendant Jindal | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 18 | Callouts from Mr. West's November 13, 2019 Letter to Defendant Jindal | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 19 | MDOC's November 14, 2019 Medical Record of visit with Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 20 | Callouts from MDOC's November 14, 2019  Medical Record of visit with Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 21 | University of Michigan's November 14, 2019 Medical Record of surgery with Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |

| 22 | Callouts from University of Michigan's November 14, 2019 Medical Record of surgery with Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
|----|----|----|
| 23 | University of Michigan's November 14, 2019 prescription written for Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 24 | Callouts from University of Michigan's November 14, 2019 prescription written for Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 25 | University of Michigan's November 14, 2019 Execution of MDOC Authorization Letter by Provider E. Bedair for Mr. West's prescriptions | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 26 | Callouts from University of Michigan's November 14, 2019 Execution of MDOC Authorization Letter by Provider E. Bedair for Mr. West's prescriptions | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 27 | University of Michigan's Tooth Extraction/Post-Operative Instructions | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 28 | Callouts from University of Michigan's Tooth Extraction/Post-Operative Instructions | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 29 | MDOC's November 18, 2019 Medical Record of visit with Mr. West | |
| 30 | Callouts from MDOC's November 18, 2019 Medical Record of visit with Mr. West | |
| 31 | MDOC's November 14, 2019 Response to Mr. West's Medical Kite | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 901 Authentication. |

| 32 | Callouts from MDOC's November 14, 2019 Response to Mr. West's Medical Kite | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 901 Authentication. |
| 33 | Mr. West's November 19, 2019 Kite Request | Defendant Fenrick objects to this exhibit on the grounds that it is hearsay not within an applicable exception. |
| 34 | Callouts form Mr. West's November 19, 2019 Kite Request | Defendant Fenrick objects to this exhibit on the grounds that it is hearsay not within an applicable exception. |
| 35 | MDOC's November 20, 2019 Responses to Mr. West's Medical Kite | |
| 36 | MDOC's November 20, 2019 Responses to Mr. West's Medical Kite | |
| 37 | MDOC Summary Report for Patient 0745796 (Mr. West) | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 38 | Callouts from MDOC Summary Report for Patient 0745796 (Mr. West) | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 39 | Excerpts of MDOC Bureau of Health Care Services Dental Services Manual, effective 12/19/2017, Bates numbered WestSubpoena_571-693 | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 40 | Callouts from Excerpts of MDOC Bureau of Health Care Services Dental Services Manual, effective 12/19/2017, Bates numbered WestSubpoena_571-693 | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 41 | MDOC Gus Harrison Correctional Facility's Bureau of Health Care Services November 18, 2019 Nursing | |

| | | |
|---|---|---|
| | Schedule, Bates numbered WestSubpoena_1084 | |
| 42 | Callouts from MDOC Gus Harrison Correctional Facility's Bureau of Health Care Services November 18, 2019 Nursing Schedule, Bates numbered WestSubpoena_1084 | |
| 43 | MDOC Policy Directive, 03.04.100, Bates numbered WestSubpoena_707-720 | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 44 | Callouts from MDOC Policy Directive, 03.04.100, Bates numbered WestSubpoena_707-720 | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 45 | MDOC Policy Directive, 03.04.108, Bates numbered WestSubpoena_1064-1068 | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 46 | Callouts from MDOC Policy Directive, 03.04.108, Bates numbered WestSubpoena_1064-1068 | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy. |
| 47 | MDOC Prisoner Grievance Form regarding Issue #1 and attachments submitted by Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 48 | Callouts from MDOC Prisoner Grievance Form regarding Issue #1 and attachments submitted by Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 49 | MDOC Prisoner Grievance Form regarding Issue #2 and attachments submitted by Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 50 | Callouts from MDOC Prisoner Grievance Form regarding Issue #2 and attachments submitted by Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |

| 51 | MDOC Step 1 Grievance Response Supplemental Form | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 52 | Callouts from MDOC Step 1 Grievance Response Supplemental Form | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 53 | MDOC Prisoner Grievance Appeal Form and attachments submitted by Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 54 | Callouts from MDOC Prisoner Grievance Appeal Form and attachments submitted by Mr. West | Defendant Fenrick objects to this exhibit based on FRE 401 Relevancy and 802 Hearsay. |
| 55 | MDOC Defendants' April 22, 2022 Interrogatory Responses | Defendant Fenrick objects to the admission of discovery responses. |
| 56 | Callouts from MDOC Defendants' April 22, 2022 Interrogatory Responses | Defendant Fenrick objects to the admission of discovery responses. |

Plaintiff reserves the right to supplement with any exhibit listed on Defendants' exhibit lists, any document or thing necessary for rebuttal or impeachment, any document produced in this case, including excerpts or callouts, any documents provided by or obtained from a third-party, including excerpts or callouts, any transcript of depositions taken in this case, including excerpts or callouts, any document or thing used as an exhibit at any deposition in this litigation, including excerpts or callouts, and any demonstrative exhibits created from the exhibits listed above.

Defendant Fenrick objects to all exhibit "callouts" Plaintiff has listed as they are duplicative of the preceding exhibit.

| Defendant Jindal's Exhibit Number | Description | Objection |
|---|---|---|
| 500 | Emmy Choge's Interrogatory Responses, dated April 22, 2022 | Plaintiff objects to this exhibit because the witness has not been deemed unavailable and under FRE 802 Hearsay. |
| 501 | Defendant Rosilyn Jindal's timecard record for November 2019 | |
| 502 | Affidavit by Kaylene Aguirre | Plaintiff objects to this exhibit because the witness has not been deemed unavailable and under FRE 802 Hearsay. |
| 503 | Plaintiff's deposition transcript | |
| 504 | Plaintiff's MDOC medical records from November 14, 2019 | |
| 505 | Plaintiff's Discharge instructions from November 14, 2019 | |
| 506 | Plaintiff's medical records from November 18, 2019 | |

| Defendant Fenrick's Exhibit Number | Description | Objection |
|---|---|---|
| 1000 | Plaintiff's MDOC medical records from November 14, 2019 (intake) | |
| 1001 | Plaintiff's MDOC medical records from November 14, 2019 (medical detail) | |
| 1002 | Plaintiff's MDOC medical records from November 18, 2019 (lab draw) | |
| 1003 | Plaintiff's deposition transcript | |

| 1004 | Plaintiff's U of M medical records from November 14, 2019 | |
| 1005 | Plaintiff's 407 from U of M from November 14, 2019 | |
| 1006 | MDOC PD Health Services, 03.04.100, Eff. 4/1/2019, Bates numbered WestSubpoena_707-720. | |
| 1007 | MDOC PD Medical Details and Special Accommodation Notices, 04.06.160, Eff. 6/17/2019, Bates numbered WestSubpoena_841-843 | |
| 1008 | MDOC OP 03.01.100C Pharmacy Services and Medication Management, Eff. 8/26/2013, Bates numbered West Subpoena_610-632 | |
| 1009 | Plaintiff's November 19, 2019, Kite and Kite Response | |
| 1010 | Plaintiff's MDOC medical records from October to November 2019 (Tylenol) | |
| 1011 | Plaintiff's Medical Administration Records | |
| 1012 | Healthcare Callout Lists for November 18, 2019 | |

Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections. An exhibit, once admitted, may be used equally by each party, subject to any limitations to its admission. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible

when offered by the opposing side for the purpose that the opposing side wishes to admit the document.

The parties have a prior agreement for marking exhibits, and they plan to implement that unless the Court objects. The parties understand that they each must submit a list of proposed exhibits directly to chambers via the Proposed Orders function by the deadline established at the final pretrial conference. Additionally, "no later than one (1) week before the final pretrial conference, each party shall make available for inspection all exhibits which that party will introduce at trial."

Other than on the basis of authentication and foundation, the parties maintain the right to object at the time of trial to the introduction of an exhibit.

The parties understand that they must, at least one week before the start of trial, disclose to the opposing counsel any computer generated visual or animated evidence they intend to offer at trial.

The parties will each maintain a record of all admitted exhibits and keep custody of their own admitted exhibits. In addition, the parties understand that, if an exhibit is not published electronically, then the party offering said exhibit must prepare exhibit books for the Court and each jury. Regardless of electronic publication, however, a separate exhibit book will be prepared and made available to any witness who is to be questioned about an exhibit. Prior to submission of trial

exhibits to the jury, the parties will meet and confer to assure only the exhibits admitted at trial are turned over to the jury.

## VII.   Damages.

### A.      Plaintiff West's Claim for Damages

Mental and emotional pain and suffering: $75,000.00

Punitive damages: $150,000

Attorneys' fees.

## VIII.  Trial.

The Court has reserved and has held open Thursday, September 5, 2024 through Monday, September 9, 2024. Estimated length of trial: 2 to 3 days.

The Seventh Amendment right to a jury trial is "is the right which existed under the English common law when the [Seventh] Amendment was adopted." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996) (quotation omitted).

## IX.   Settlement.

The parties have discussed settlement and it is not possible at this time. Settlement is possible but unlikely before the trial date.

Dated:  <u>August 16, 2024</u>

<u>/s/ Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge

*/s/ Lena M. Gonzalez*
Moheeb H. Murray (P63893)
Lena M. Gonzalez (P81330)
*Attorneys for Anthony Craig West*

*/s/ Connor A. McLaughlin*
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Rosilyn Jindal, P.A.*

*/s/ Sara E. Trudgeon*
Sara E. Trudgeon (P82155)
William J. Predhomme II (P81527)
Michael R. Dean (P71333)
*Attorneys for Henry Fenrick*

Dated: August 13, 2024