UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CRAIG WEST,

       Plaintiff,

v.

EMMY CHOGE, HENRY FENRICK,
ROSILYN JINDAL,
JESAKA DAVITT-WEBSTER,
JONG CHOI,
AND JANET CAMPBELL,

       Defendants.
_____/

Case No: 21-10225

Honorable Nancy G. Edmunds
Magistrate Judge Patricia T. Morris

## OPINION AND ORDER GRANTING DEFENDANT JINDAL'S SECOND MOTION FOR SUMMARY JUDGMENT [143]

This matter is before the Court on Defendant Rosilyn Jindal's second motion for summary judgment. (ECF No. 143.) Plaintiff has filed a response. (ECF Nos. 168; 169.) Under Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided without oral argument. For the reasons that follow, the Court GRANTS Defendant's motion.

**I.**    **Background**

Plaintiff filed this action under 42 U.S.C. § 1983 in 2021, alleging Defendants Rosilyn Jindal, Jong Choi, Janet Campbell, Emmy Choge, Henry Fenrick, and Jesaka Davitt-Webster violated his Eighth Amendment rights regarding his post-operative care after dental surgery and the discontinuation of quarterly teeth cleanings. After the Court ruled on summary judgment motions, only Plaintiff's claims against Defendants Jindal and Fenrick remain. (ECF No. 124.) Defendant Jindal was granted leave to file this

1

second motion for summary judgment after finding evidence of her absence from work on days pertinent to Plaintiff's claims. (ECF No. 132.) Plaintiff was allowed limited additional discovery under Federal Rule of Civil Procedure 56(d) to respond to the new issues raised in Defendant's motion. (ECF No. 154.)

The incidents which form the core of Plaintiff's claims against Defendant Jindal occurred on November 14, 2019. Plaintiff alleges that on that day, following his surgery for teeth extraction, Defendant Jindal received instructions for Plaintiff's post-operative care. Plaintiff's post-operative care instructions included prescriptions for pain medications. In his complaint, Plaintiff alleges that Defendant Jindal failed to record the instructions and further failed to communicate them to medical staff. Plaintiff went several days without receiving his prescribed post-operation pain medication despite interacting with several prison medical personnel during that time.

Defendant Jindal claims in her second motion for summary judgment that she did not work on November 14-17, 2019 and attaches her timesheet in support. (ECF No. 143.) Plaintiff asks the Court to deny Defendant's motion on the basis that there is a genuine dispute over Defendant Jindal's absence from work on the relevant days and that Defendant is liable for spoliation sanctions regarding the destruction of evidence. (ECF No. 168, PageID.1987.)

## II.     Standard of Review

Federal Rule of Civil Procedure 56(a) provides, "[t]he court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has an initial burden to inform the court of the portions of the record "which it believes demonstrate the absence of a genuine dispute of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322-23. Finally, the court "consider[s] all facts and inferences drawn therefrom in the light most favorable to the nonmovant." *City of Wyandotte v. Consol. Rail. Corp.*, 262 F.3d 581, 585 (6th Cir. 2001).

III.    **Analysis**

On motions for summary judgment, courts look to the applicable substantive law to determine materiality, as "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will . . . preclude . . . summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where, as here, an incarcerated plaintiff alleges his Eighth Amendment right to be free from cruel and unusual punishment has been violated by prison officials' deliberate indifference to the plaintiff's serious medical needs, the plaintiff must satisfy an objective and subjective component to succeed on his claim. *Reilly v. Vadlamundi*, 680 F.3d 617, 623-24 (6th Cir. 2012). The plaintiff must "meet the objective component by demonstrating 'the existence of a sufficiently serious medical need.'" *Burwell v. City of Lansing*, 7 F.4th 456, 463 (6th Cir. 2021) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)) (internal quotation marks omitted). The subjective component "requires the plaintiff to show that the prison official had 'a sufficiently culpable state of mind' in denying medical care." *Id.* at 465 (quoting *Phillips v.*

3

*Roane County*, 534 F.3d 531, 542 (6th Cir. 2008)). Further, the deliberate indifference standard requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Blackmore*, 390 F.3d at 896 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (quotation marks omitted).

Defendant Jindal argues that the subjective component, cannot be met because there is no genuine dispute over her absence from work on the day she allegedly received Plaintiff's post-operative instructions. (ECF No. 143.) The Court agrees. Defendant's certified timesheet shows that she did not work on November 14-17, 2019. (ECF Nos. 143-1, 143-2.) Plaintiff has been unable to present the Court with evidence to the contrary despite having been given time for additional discovery.[1] (*See* ECF No. 154.) Because Defendant Jindal was not at work in the immediate days after Plaintiff's surgery, she could not have been aware of Plaintiff's medical condition or needs. Thus, there is no

---

[1] In his response to Defendant Jindal's motion, Plaintiff argues Defendant Jindal is liable for sanctions for spoliation of evidence. (ECF No. 168.) This is because some of the documents and information sought by Plaintiff during the additional time for discovery were destroyed. (*See* ECF No. 169, PageID.2014.) Specifically, the log-in book for medical staff is only retained for one year by the Michigan Department of Corrections. *See id.* However, even if there is evidence of spoliation, this is not sufficient on its own to defeat summary judgment. If the Court were to consider Plaintiff's allegations of spoliation, to be entitled to sanctions Plaintiff must establish that the party with control over the evidence had an obligation to preserve it at the time it was destroyed, that the records were destroyed with a culpable state of mind, and that the evidence was relevant to the party's claim such that a reasonable trier of fact could find that it would support that claim. *See Adkins v. Wolever*, 692 F.3d 499, 503-04 (6th Cir. 2012) (citing *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553-54 (6th Cir. 2010)). Plaintiff cannot meet the first two prongs. Plaintiff filed his complaint on January 27, 2021, more than one year after the records he seeks were destroyed. (ECF No. 169, PageID.1992-93.) Plaintiff's complaint was filed eleven months after exhausting his administrative grievance process. *Id.* Moreover, Plaintiff does not point to any actions on his part that would have put Defendants on notice that the log-in records would be relevant to future litigation in the nine months between the end of his administrative grievance process and when the documents were destroyed. *See Beaven*, 622 F.3d at 553 ("[a]n obligation to preserve may arise when a party should have known that the evidence may be relevant to future litigation") (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)) (quotation marks omitted). Without being under notice of future litigation at the time the documents were destroyed according to normal retention practice, Defendants did not have an obligation to retain those documents at the time they were destroyed and could not have had a culpable state of mind when they were destroyed.

genuine dispute over whether Defendant Jindal had the requisite culpable state of mind, and she is entitled to summary judgment.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant Jindal's second motion for summary judgment. Accordingly, only Plaintiff's Eighth Amendment claims against Defendant Fenrick remain.

SO ORDERED.

                          s/ Nancy G. Edmunds
                          Nancy G. Edmunds
                          United States District Judge

Dated: August 26, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 26, 2024, by electronic and/or ordinary mail.

                          s/ Marlena Williams
                          Case Manager