UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WEST #745796,

    Plaintiff,

v

EMMY CHOGE, *et al.*,

    Defendants.

NO. 2:21-cv-10225

HON. NANCY G. EDMUNDS

MAGISTRATE JUDGE
PATRICIA T. MORRIS

| | |
|---|---|
| Patrick G. Seyferth (P47575) | Thoman G. Hackney (P81283) |
| Moheeb M. Murray (P63893) | Connor A. McLaughlin (P83229) |
| Lena M. Gonzalez (P81330) | Hackney Odlum & Dardas |
| William E. McDonald III (P76709) | Attorneys for Rosilyn Jindal, P.A. |
| Bush, Seyferth & Paige | 10850 E. Traverse Hwy, Ste. 4440 |
| Attorneys for Plaintiff | Traverse City, MI 49684 |
| 100 W. Big Beaver Rd., Ste. 400 | (231) 642-5026 |
| Troy, MI 48084−3107 | thackney@hodlawyers.com |
| (248) 822-7800 | cmclaughlin@hodlawyers.com |
| seyferth@bsplaw.com | |
| murray@bsplaw.com | Sara E. Trudgeon (P82155) |
| gonzalez@bsplaw.com | William J. Predhomme (P81527) |
| | Michael R. Dean (P71333) |
| | Assistant Attorneys General |
| | Attorney for MDOC Defendant Fenrick |
| | Michigan Dept. of Atty General |
| | Corrections Division |
| | P.O. Box 30217 |
| | Lansing, MI  48909 |
| | (517) 335-3055 |
| | trudgeons@michigan.gov |

**DEFENDANT FENRICK'S MOTION IN LIMINE
TO NARROW THE SCOPE OF EVIDENCE**

Defendant Fenrick, through counsel, moves in limine for an order to limit the scope of evidence at trial to events that occurred after Plaintiff returned to the Gus Harrison Correctional Facility (ARF) following his oral surgery at the University of Michigan on November 14, 2019. Events occurring prior to Plaintiff's return to ARF on November 14, 2019, are not relevant to remaining claims under Fed. R. Evid. 401. Such evidence and testimony prior to this timeframe is irrelevant under Fed. R. Evid. 402. To the extent the Court believes that the evidence is relevant, it should be excluded under Fed. R. Evid. 403 because it is unfairly prejudicial, confuses the issues, misleads the jury, and wastes time. As such, Defendant Fenrick seeks to exclude Plaintiff's exhibits and witness testimony regarding events prior to Plaintiff's return to ARF following his oral surgery.

Pursuant to E.D. Mich. LR 7.1(a), counsel for Defendant Fenrick explained to Plaintiff's counsel via Microsoft Teams the nature of the present motion and its legal basis. Defense counsel requested but did not receive concurrence in the relief sought.

For the reasons fully explained in the accompanying brief, Defendant Fenrick respectfully requests that this Court limit the scope of evidence to be presented at trial.

Respectfully submitted,

/s/ Sara E. Trudgeon
Sara E. Trudgeon (P82155)
Assistant Attorneys General
Attorney for MDOC
Defendant Fenrick
Michigan Dept. of Atty General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055

Dated: August 30, 2024
trudgeons@michigan.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Sara E. Trudgeon
Sara E. Trudgeon (P82155)
Assistant Attorneys General
Attorney for MDOC
Defendant Fenrick

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WEST #745796,

    Plaintiff,                    NO. 2:21-cv-10225

v                                      HON. NANCY G. EDMUNDS

EMMY CHOGE, *et al.*,       MAGISTRATE JUDGE
                                         PATRICIA T. MORRIS

    Defendants.

_____/

# DEFENDANT FENRICK'S BRIEF IN SUPPORT OF
# MOTION IN LIMINE TO NARROW THE SCOPE OF EVIDENCE

                                        Sara E. Trudgeon (P82155)
                                        Assistant Attorneys General
                                        Attorney for MDOC
                                        Defendant Fenrick
                                        Michigan Dept. of Atty General
                                        Corrections Division
                                        P.O. Box 30217
                                        Lansing, MI  48909
                                        (517) 335-3055
Dated: August 30, 2024              trudgeons@michigan.gov

# TABLE OF CONTENTS

Page

Table of Contents ...................................................................................i

Index of Authorities................................................................................ii

Concise Statement of Issues Presented ..................................................iv

Controlling or Most Appropriate Authority............................................iv

Statement of Facts ................................................................................. 1

Argument................................................................................................ 3

I.  The only relevant evidence to be presented at trial concerns Plaintiff's post operative care. ...................................................... 3

    A.  Evidence or testimony that does not concern Plaintiff's post-operative care or events that occurred in the days following Plaintiff's return to ARF from his oral surgery on November 14, 2019, is not relevant under Fed. R. Evid. 401. ................................................................. 4

    B.  Evidence or testimony that does not concern Plaintiff's post-operative care or events that occurred in the days following Plaintiff's return to ARF from his oral surgery on November 14, 2019, is not admissible under Fed. R. Evid. 402. ................................................................. 5

II. Alternatively, evidence and testimony regarding events that occurred prior to Plaintiff's return to ARF after his oral surgery at the University of Michigan on November 14, 2019, and from December 2019, should be excluded under Fed. R. Evid. 403. ................................................................. 6

Conclusion and Relief Requested........................................................... 11

Certificate of Service ............................................................................. 12

# INDEX OF AUTHORITIES

Page

**Cases**

*Ansari v. Jimenez*,
  678 F. Supp. 3d 926 (E.D. Mich. 2023) .......................................... 10, 11

*Applewhite v. FCA US LLC*,
  603 F. Supp. 3d 528 (E.D. Mich. 2022) ................................................11

*Blackmore v. Kalamazoo County*,
  390 F.3d 890 (6th Cir. 2004) ..................................................................5

*Dresser v. Cradle of Hope Adoption Ctr., Inc.*,
  421 F. Supp. 2d 1024 (E.D. Mich. 2006) ...............................................9

*Old Chief v. United States*,
  519 U.S. 172 (1997) ..........................................................................8, 10

*Roche Diagnostics Corp. v. Shaya*,
  679 F. Supp. 3d 588 (E.D. Mich. 2023) .................................................8

*Sanford v. Russell*,
  531 F. Supp. 3d 1221 (E.D. Mich. 2021) .......................................... 9, 10

*United States v. Asher*,
  910 F.3d 854 (6th Cir. 2018) .................................................................7

*United States v. Hazelwood*,
  979 F.3d 398 (6th Cir. 2020) .................................................................9

*United States v. Jones*,
  554 F. App'x 460 (6th Cir. 2014) ..........................................................8

*United States v. Wilder*,
  87 F.4th 816 (6th Cir. 2023) ..................................................................7

**Statutes**

42 U.S.C. §1983 ........................................................................................1

**Rules**

Fed. R. Evid. 401 ................................................................................... 4

Fed. R. Evid. 402 ................................................................................... 6

Fed. R. Evid. 403 ......................................................................... 7, 8, 11

## CONCISE STATEMENT OF ISSUES PRESENTED

1. This Court should exclude evidence and testimony regarding events that occurred prior to Plaintiff's return to the Gus Harrison Correctional Facility after his oral surgery at the University of Michigan on November 14, 2019, because it is not relevant under Fed. R. Evid. 401 and irrelevant under Fed. R. Evid. 402.

2. Alternatively, this Court should exclude evidence and testimony regarding events that occurred prior to Plaintiff's return to the Gus Harrison Correctional Facility after his oral surgery at the University of Michigan on November 14, 2019, because the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

Fed. R. Evid. 401
Fed. R. Evid. 402
Fed. R. Evid. 403

## STATEMENT OF FACTS

Plaintiff Anthony West is a prisoner currently confined within the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan.  Plaintiff filed his complaint pro se on January 27, 2021.  (ECF No. 1.)  Plaintiff was appointed counsel on April 12, 2024.  (ECF No. 143.)  Plaintiff's claims arise out of his incarceration at the Gus Harrison Correctional Facility (ARF) from events occurring in September 2019 and November 14-20, 2019.  (ECF No. 1, PageID.17,37; ECF No. 94-2, West Dep., PageID.798-99, 50:23-51:20.)

As filed, Plaintiff brought Eighth Amendment claims under 42 U.S.C. §1983 against several Defendants:  Choge, Campbell, Choi, Davitt-Webster, Fenrick, and Jindal.  Plaintiff alleged that all Defendants were deliberately indifferent to his serious medical needs by not following the recommended aftercare instructions from the University of Michigan (U of M) Hospital following West's dental extractions.  (*Id*. at PageID.19.)  Plaintiff also alleged that Defendant Davitt-Webster, Campbell, and Choi were deliberately indifferent to his

serious dental needs by not providing dental cleanings to him every three months due to his history of throat cancer. (*Id.* at PageID.44.)

All Defendants moved for summary judgment. (ECF Nos. 94, 97, 100.) This Court dismissed all claims except Plaintiff's "Eighth Amendment claims against Jindall and Fenrick stemming from Plaintiff's post oral-surgery care . . .." (ECF No. 124, PageID.1458.) Defendant Jindal then filed a second motion for summary judgment that this Court just recently granted. (ECF No. 143; ECF No.172.) As such, the only claim remaining for trial is whether Defendant RN Fenrick was deliberately indifferent to Plaintiff's alleged serious medical condition on November 18, 2019.

It is undisputed the Plaintiff returned to ARF on November 14, 2019, from having oral surgery at the U of M. (ECF No. 100-4, PageID.992; ECF No. 100-7, PageID.1027.) It is further undisputed that Plaintiff did not see RN Fenrick until four days later, on November 18, 2019, for an unrelated lab appointment. (ECF No. 94-2, PageID.800, West Dep., 54:21-55:4.)

Defendant Fenrick seeks to exclude evidence and testimony regarding events that occurred prior to Plaintiff's return to ARF on

2

November 14, 2019, following his oral surgery and from December 2019. Plaintiff has listed numerous exhibits and witnesses that would be excluded should the Court grant this motion include: Exhibits 1-9 in full and Exhibits 19, 20, and 24-40 in whole or in part.[1] Testimony of all witnesses regarding events prior to Plaintiff's return to ARF on November 14, 2019, and/or Plaintiff's post-operative care and testimony from Nicole Naidoo, DMD, and Ennis Malik Beair, BDS, regarding the details of Plaintiff's oral surgery would also be excluded. Because the only claim that remains is for alleged violation of the Eighth Amendment regarding Plaintiff's post-operative care on November 18, 2019, the scope of evidence and testimony should be limited to events that occurred in the days following Plaintiff's return to ARF on November 14, 2019.

## ARGUMENT

**I.   The only relevant evidence to be presented at trial concerns Plaintiff's post operative care.**

This Court has ruled that the only remaining claim in this case is Plaintiff's Eighth Amendment deliberate indifference claim against RN

---

[1] Exhibit numbers based on the updated draft of the parties' joint final pretrial order that Plaintiff's counsel emailed to Defendant's counsel on August 26, 2024 at 11:12 AM.

3

Fenrick. (ECF No. 124, PageID.1458; ECF No.172, PageID.2107.) Plaintiff claims that RN Fenrick was deliberately indifferent to his serious medical needs on November 18, 2019, by either not providing him over-the-counter pain medications or by not providing the narcotic pain medications recommended by the U of M doctors. Evidence and testimony regarding anything other than the post-operative instructions or alleged events occurring in the days following Plaintiff's return to ARF on November 14, 2019, is not relevant to either of these claims.

    **A.    Evidence or testimony that does not concern Plaintiff's post-operative care or events that occurred in the days following Plaintiff's return to ARF from his oral surgery on November 14, 2019, is not relevant under Fed. R. Evid. 401.**

Fed. R. Evid. 401 states:

Evidence is relevant if:
(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action.

Plaintiff proposes to introduce evidence far beyond what is relevant to his remaining claim such as medical records and testimony from August 2019 through November 13, 2019, and testimony regarding Plaintiff's oral surgery on November 14, 2019, prior to his return to ARF. Plaintiff

4

also seeks to introduce evidence and testimony regarding medical appointments from December 2019 that are unrelated to the remaining claim against Defendant RN Fenrick. Evidence beyond Plaintiffs post-operative care and what occurred prior to his return to ARF on November 14, 2019, does not make the question whether Defendant RN Fenrick was deliberately indifferent to a serious medical need regarding Plaintiff's post operative care on November 18, 2019, any more or less probable. Nor is such evidence or testimony of consequence in determining this action. And Plaintiff has not pled that a delay in medical treatment led to a detrimental effect. *Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004). Therefore, medical records from December 2019 are not relevant to Plaintiff's remaining claim.

> **B. Evidence or testimony that does not concern Plaintiff's post-operative care or events that occurred in the days following Plaintiff's return to ARF from his oral surgery on November 14, 2019, is not admissible under Fed. R. Evid. 402.**

Fed. R. Evid. 402 states:

Relevant evidence is admissible unless any of the following provides otherwise:

- the United States Constitution;
- a federal statute;
- these rules; or

5

- other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible.

Here, the only question of fact or law remaining is whether Defendant RN Fenrick was deliberately indifferent to Plaintiff's serious medical need on November 18, 2019, regarding his post operative care following his return to ARF from oral surgery on November 14, 2019. (ECF No. 124, PageID.1458; ECF No.172, PageID.2107.) Any evidence or testimony that is not regarding Plaintiff's post operative care or events that occurred directly following his return to ARF after his surgery on November 14, 2019, is irrelevant as to Plaintiff's remaining deliberate indifference claims. As such evidence is irrelevant, it is not admissible under Fed. R. Civ. P. 402.

**II. Alternatively, evidence and testimony regarding events that occurred prior to Plaintiff's return to ARF after his oral surgery at the University of Michigan on November 14, 2019, and from December 2019, should be excluded under Fed. R. Evid. 403.**

Alternatively, should this Court find evidence and testimony regarding events from before Plaintiff arrived back to ARF following his oral surgery on November 14, 2019, and/or medical records from

6

December 2019 are relevant, such evidence should be excluded pursuant to Fed. R. Evid. 403.

Fed. R. Evid. 403 states:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Pursuant to this balancing test, because the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time, such evidence and testimony should be excluded.

This Court "is afforded 'broad discretion' in conducting this balancing test." *United States v. Wilder*, 87 F.4th 816, 819 (6th Cir. 2023) (citing *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018)). "In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission." *Roche Diagnostics Corp. v. Shaya,* 679 F. Supp. 3d 588, 599 (E.D. Mich. 2023) (citing *United States v. Jones*, 554 F. App'x 460, 473 (6th Cir. 2014)). But the evidence can still be excluded if its probative value is substantially

7

outweighed by danger of unfair prejudice, which is defined as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Plaintiff's Exhibits 1-9, 19, 20, and 24-40 are largely related to Plaintiff's medical history with throat cancer and requests for more frequent teeth cleanings. Plaintiff's claims regarding teeth cleanings due to his history of throat cancer were dismissed from this lawsuit. (*See* ECF Nos. 112 and 124.) To the extent the Court determines such evidence and related testimony to be relevant to Plaintiff's only remaining claim regarding his post-operative care following his return to ARF on November 14, 2019, this evidence should be excluded as it is unfairly prejudicial, confuses the issues, misleads the jury, and wastes time. Fed. R. Evid. 403.

Such evidence is unfairly prejudicial because it only serves to foster sympathy for Plaintiff's medical condition(s) unrelated to his post-operative care. "The risk of unfair prejudice has been defined as the undue tendency to suggest a decision based on improper considerations, thus improperly tempting the jury to reach a verdict

8

based on emotions instead of evidence." *Sanford v. Russell*, 531 F. Supp. 3d 1221, 1224 (E.D. Mich. 2021) (citing *United States v. Hazelwood*, 979 F.3d 398, 412 (6th Cir. 2020)) (internal quotations omitted). There is no probative value as evidence or testimony regarding Plaintiff's medical condition(s) prior to his return to ARF on November 14, 2019, does not make it any more or less likely that Defendants RN Fenrick or PA Jindal were deliberately indifferent regarding Plaintiff's post-operative care.

Moreover, "unfair prejudice can result when evidence that is only marginally probative tends to be given preemptive weight by the jury substantially out of proportion to its logical force." *Dresser v. Cradle of Hope Adoption Ctr., Inc.*, 421 F. Supp. 2d 1024, 1030 (E.D. Mich. 2006). Therefore, "the probative value of evidence can be more or less weighty depending on whether a fact is genuinely contested." *Sanford*, 531 F. Supp. 3d at 1224 (citing *Old Chief*, 519 U.S. at 184-84). Here, it is not contested that Plaintiff had oral surgery at U of M before returning to ARF on November 14, 2019. And the Defendant RN Fenrick was not involved in Plaintiff's oral surgery. Thus, details of Plaintiff's oral surgery or his prior medical conditions has very little, if any, probative

9

value. It is also not disputed that Plaintiff has not pled that he suffered from any detrimental effect due to a delay in medical treatment, so medical records from December 2019 do not offer any probative value.

Additionally, this evidence confuses the issues, wastes time, and will mislead the jury. Evidence and testimony of Plaintiff's prior medical condition(s) and details of Plaintiff's oral surgery will distract the jury and "lead to a time-consuming sideshow" about Plaintiff's medical history and oral surgery details. *Ansari v. Jimenez*, 678 F. Supp. 3d 926, 931 (E.D. Mich. 2023). Defendant RN Fenrick was not involved in Plaintiff's oral surgery and Plaintiff's surviving Eighth Amendment claim does not concern his prior medical condition(s). Defendant Fenrick's only encounter with Plaintiff was four days after his surgery, and the question at issue is whether RN Fenrick was deliberately indifferent to any serious medical need of Plaintiff on that day. "And evidence with low probative value and a danger of confusing the issues or wasting time is inadmissible under Federal Rule of Evidence 403." *Ansari*, 678 F. Supp. 3d at 931. This Court has found that "evidence of unrelated medical history . . . unnecessarily stigmatizes . . . and would very likely confuse the jury and could result

in mini-trials on these issues. Thus, such evidence is more prejudicial than probative and is excluded under Rule 403." *Applewhite v. FCA US LLC*, 603 F. Supp. 3d 528, 533 (E.D. Mich. 2022). Such is the case here. For these reasons, in the event this Court finds that evidence and testimony regarding events from before Plaintiff arrived back to ARF following his oral surgery on November 14, 2019, or from December 2019, is relevant, such evidence should be excluded pursuant to Fed. R. Evid. 403 because the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, Defendant Fenrick, through counsel, respectfully requests this Honorable Court grant his motion in limine and limit the scope of the trial to evidence and testimony regarding Plaintiff's post operative care and events that occurred in the days following Plaintiff's return to ARF on November 14, 2019, after his oral surgery.

                                        Respectfully submitted,

                                        /s/ Sara E. Trudgeon
                                        Sara E. Trudgeon (P82155)
                                        Assistant Attorneys General
                                        Attorney for MDOC
                                        Defendant Fenrick
                                        Michigan Dept. of Atty General
                                        Corrections Division
                                        P.O. Box 30217
                                        Lansing, MI  48909
                                        (517) 335-3055
Dated: August 30, 2024                trudgeons@michigan.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                        /s/ Sara E. Trudgeon
                                        Sara E. Trudgeon (P82155)
                                        Assistant Attorneys General
                                        Attorney for MDOC
                                        Defendant Fenrick