UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WEST #745796,

       Plaintiff,              NO. 2:21-cv-10225

v                        HON. NANCY G. EDMUNDS

EMMY CHOGE, *et al.*,       MAGISTRATE JUDGE
                         PATRICIA T. MORRIS
       Defendants.

                         **DEFENDANT FENRICK'S
MOTION IN LIMINE TO
EXCLUDE PLAINTIFF'S
WITNESS BEDAR AS EXPERT
WITNESS**

| | |
|---|---|
| Patrick G. Seyferth (P47575) | Thoman G. Hackney (P81283) |
| Moheeb M. Murray (P63893) | Connor A. McLaughlin (P83229) |
| Lena M. Gonzalez (P81330) | Hackney Odlum & Dardas |
| Bush, Seyferth & Paige | Attorneys for Rosilyn Jindal, P.A. |
| Attorneys for Plaintiff | 10850 E. Traverse Hwy, Ste. 4440 |
| 100 W. Big Beaver Road | Traverse City, MI 49684 |
| Ste. 400 | (231) 642-5026 |
| Troy, MI 48084−3107 | thackney@hodlawyers.com |
| (248) 822-7800 | cmclaughlin@hodlawyers.com |
| seyferth@bsplaw.com | |
| murray@bsplaw.com | Sara E. Trudgeon (P82155) |
| gonzalez@bsplaw.com | William J. Predhomme (P81527) |
| | Assistant Attorneys General |
| | Attorney for MDOC Defendant Fenrick |
| | Michigan Dept. of Atty General |
| | Corrections Division |
| | P.O. Box 30217 |
| | Lansing, MI  48909 |
| | (517) 335-3055 |
| | trudgeons@michigan.gov |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
PLAINTIFF'S WITNESS BEDAR AS EXPERT WITNESS**

Michael R. Dean (P71333)
Assistant Attorneys General
Attorney for MDOC Defendant Fenrick
Michigan Dept. of Atty General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Deanm2@michigan.gov

Dated: August 30, 2024

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Federal Rule of Civil Procedure 26(a)(2)(D)(i) requires that experts be disclosed, accompanied by a written report, when necessary, at least 90 days before trial.  Plaintiff has designated BDS Bedair as a non-retained expert for the first time in the joint final pretrial order, without submitting a disclosure of the subject matter and summary of the facts and opinions on which he expects to testify.  Should this Court deny Bedair from giving expert testimony when Plaintiff failed to timely disclose him?

2.  Rule 702 allows testimony from a witness who is qualified as an expert by knowledge, skill, experience, training, or education.  Plaintiff has untimely named a dental surgeon to testify as a non-retained expert witness who is not a registered nurse.  Should the motion in limine to exclude Dr. Bedair be granted when he is not qualified to testify as an expert on nursing practices?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

Fed. R. Civ. P. 26(a)(2)(C)

Fed. R. Civ. P. 26(a)(2)(D)(i)

Fed. R. Civ. P. 37(c)(1)

Fed. R. Evid. 702

## STATEMENT OF FACTS

Plaintiff, Anthony West, #745796, is a prisoner currently confined within the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan.  West filed his complaint pro se on January 27, 2021.  (ECF No. 1.)  West's claims arise out of his incarceration at the Gus Harrison Correctional Facility (ARF), and from events occurring in September 2019, and November 14-20, 2019.  (ECF No. 1, PageID.17,37; ECF No. 94-2, West Dep., PageID.798-99, 50:23-51:20.)

Discovery was held in this matter from January 2022, until August 2022.  (ECF No. 47; ECF No. 77; ECF No. 85.)  And all Defendants filed motions for summary judgment in September 2022. (ECF No. 94; ECF No. 86; ECF No. 92.)  After over three years of litigation, the only remaining claim is against MDOC Defendant Fenrick, a registered nurse (RN), for Eighth Amendment claims, "stemming from Plaintiff's post oral-surgery care."  (ECF No. 124, PageID.1458.)

West was assigned counsel on April 12, 2024.  (ECF No. 143; ECF No. 144; ECF No. 145; ECF No. 148.)  The trial date is scheduled for

1

September 5, 2024.  (ECF No. 154.)  West filed a motion to add an oral

surgeon expert witness, only 51 days before trial, and sought to file the

expert report, that would be required for such a witness, only 20 days

before trial.  (ECF No. 159, PageID.1889.)  On August 12, 2024, this

Court denied West's motion holding, in pertinent part, "this claim is not

about dental malpractice but about an unconstitutional indifference to

Plaintiff's need for follow-up care by prison officials."  (ECF No. 166,

Ord., PageID.1957.)  In addition, this Court held that, "only the identity

of Plaintiff's proferred expert witness, Dr. Thomas Bolten, has been

disclosed while the contents of his opinion are still unknown to

Defendants."  (*Id*.)  This Court deemed it unfair to Defendant that,

"whether Defendants will be able to retain an expert who can prepare

their own report for rebuttal purposes under Rule 26(a)(2)(D)(ii) in the

weeks between the disclosure of Plaintiff's expert report and the start of

trial is unknown."  (*Id*.)  For much the same reasons, Defendant Fenrick

asks this Court to grant their motion in limine to not permit BDS

Bedair to offer any expert opinion at trial.

## ARGUMENT

I.   **Fenrick's motion in limine should be granted because West failed to disclose his proposed non-retained expert witness or provide a Fed. R. Civ. P. 26(a)(2)(C) disclosure within 90 days of trial under Fed. R. Civ. P. 26(a)(2)(D)(ii), the failure is not harmless or substantially justified, and his potential subject matter testimony is not relevant.**

The motion in limine should be granted because West failed to comply with Fed. R. Civ. P. 26(a)(2)(C), by not providing a disclosure for the proposed expert witness, and the failure is not harmless or substantially justified under Fed. R. Civ. P. 37(c)(1).

### A.   West failed to comply with Fed. R. Civ. P. 26(a)(2)(C).

Fed. R. Civ. P. 26(a)(2)(C), states that witnesses who are not required to provide a written report must still disclose, "(1) the subject matter on which the witness is expected to present," and, "(ii) a summary of the facts and opinions to which the witness is expected to testify."   Fed. R. Civ. P. 26(a)(2)(C); *see RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 673 (6th Cir. 2024).

West listed Ennis Malik Bedair, BDS, as a, "[n]on-retained expert witness/ Fact witness," in the joint final pretrial order.  (ECF No. 167, Jt. Final Pretrial Ord., PageID.1973.)  West did not provide the disclosure for Dr. Bedair laying out the subject matter for this witness,

3

nor has he given a summary of the facts and opinions to which the witness is expected to testify.

At this point, a week before trial, Fenrick is left only to guess at what this witness is going to testify that would be relevant to the factual or legal issues in this case. The contact address provided by West in the final pretrial order lists Dr. Bedair's business address at, "University of Michigan Health, 1500 E. Medical Center Dr., Floor 2 Room C213, Ann Arbor, MI 48109." (*Id.*) Presumably, Dr. Bedair performed the oral surgery for West. If that is the case, then there is no relevance to his testimony because the legal issue does not involve the tooth extraction, but Fenrick's response to Plaintiff's alleged claim that he was in pain four days later. Therefore, Dr. Bedair would not be able to offer opinion testimony regarding West's tooth pain four days later because he was not involved in West's treatment after he returned to the prison. *See Guar. Trust Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. July 26, 2013) ("Non-retained experts must only testify about opinions that were formed during the course of their participation in the relevant events of the case, and only to those

opinions which were properly disclosed.").  Thus, Plaintiff's disclosure does not comply with Fed. R. Civ. P. 26(a)(2)(C).

### B. Plaintiff failed to comply with Fed. R. Civ. P. 26(a)(2)(D)(i).

Fed. R. Civ. P. 26(a)(2)(D)(i), requires that expert disclosures be made, "at least 90 days before the date set for trial[.]"  Here, trial is set for September 5, 2024.  Thus, Plaintiff's request is untimely as he named his proposed non-retained expert less than a month before trial and has not made any disclosures for this witness at all.  Hence, Plaintiff's disclosure does not comply with Fed. R. Civ. P. 26(a)(2)(D)(i).

### C. Plaintiff's failure to comply with Fed. R. Civ. P. 26(a) is not harmless or substantially justified.

Fed. R. Civ. P. 37(c)(1), states that, "[i]f a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at trial, unless the failure was substantially justified or is harmless."  The Court must consider five factors to assess whether a Plaintiff's failure to timely disclose an expert witness is, "substantially justified," or, "harmless":

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5)

> the nondisclosing party's explanation for its failure to
> disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).  "The burden

is on the potentially sanctioned party to prove harmlessness."  *R.C.*

*Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 272 (6th Cir. 2010).

First, Plaintiff's disclosure of a non-retained expert witness is a

surprise to Defendant Fenrick.  If the Court allows Plaintiff to utilize

the testimony of an expert witness at trial, "the defendants would have

to confront at trial the opinions of an expert whose detailed report they

would not have seen before the 90-day-before-trial deadline, and who

they would not have deposed, and cannot depose since the discovery

period has closed."  *RJ Control Consultants, Inc. v. Multiject, LLC*, No.

16-10728, 2022 WL 163614, at *6 (E.D. Mich. Jan. 18, 2022), appeal

dismissed, No. 22-1102, 2023 WL 2785764 (6th Cir. Apr. 5, 2023), and

aff'd, 100 F.4th 659 (6th Cir. 2024).  West appears to have settled on Dr.

Bedair to be their expert witness after his original expert, Dr. Bolten,

was denied by this Court given the timing of his disclosure as a non-

retained expert. Naming Dr. Bedair as an expert for the first time in the

joint final pretrial order less than a month before trial is the very

definition of surprise and is more egregious than West's attempt to

6

name Dr. Bolten only 51 days before trial.  Further, Defendant Fenrick is afforded no time to consult with an expert of his own regarding Dr. Bedair's non-existent disclosure or to secure a rebuttal expert to testify without that disclosure.

Second, there is no ability to cure the surprise.  Fed. R. Civ. P. 26(a)(2)(C) and 26(a)(2)(D)(i), read together, requires that a party disclose an expert and provide disclosure of the subject matter of the testimony and the summary of facts and opinions of the non-retained expert, 90 days before trial.  The requirement to provide a timely disclosure is so that, "opposing counsel is not forced to depose as expert in order to avoid ambush at trial." *R.C. Olmstead, Inc., v. CU Interface, LLC,* 606 F.3d 262, 271 (6th Cir. 2010).  Since the non-retained expert disclosure is untimely and trial is scheduled to begin on September 5, 2024, Defendant Fenrick has no time to cure the surprise as he cannot depose Dr. Bedair before the trial.  Further, Defendant Fenrick is unable to, "introduce an expert or witness of [his] own to counter the new report, [he] could not.  It is too late." *L.V. Nagle & Assocs., Inc. v. Tubular Steel, Inc.*, No. 2:19-CV-11399, 2023 WL 2575052, at *2 (E.D. Mich. Mar. 20, 2023).  Defendant Fenrick would not have the 30 days

7

allowed under Fed. R. Civ. P. 26(a)(2)(D)(ii), to disclose his own expert to rebut Plaintiff's proposed expert.

Third, allowing West's newly proposed expert to testify would disrupt the trial. The Court would need to, again, re-set the trial date to reboot the entire discovery process to allow for proper expert discovery in this matter. West has not properly disclosed Dr. Bedair as an expert as no disclosure has been provided. Defendant Fenrick is completely in the dark regarding Dr. Bedair's potential testimony as West only names Dr. Bedair in the final pretrial order without any further elaboration. (ECF No. 167, PageID.1973.) At the time of this motion, the parties are a week out from trial with no disclosure.

Fourth, Dr. Bedair's testimony does not appear to be important to the question of whether Defendant, RN Fenrick, acted with deliberate indifference. There is no dispute here that West had oral surgery, that he claimed to have been in pain following his return to prison from oral surgery, or that he did not receive a prescription for narcotics at ARF. Dr. Bedair cannot inform the jury whether Defendant, RN Fenrick, was deliberately indifferent to Plaintiff's alleged serious medical need on

November 18, 2019.  It is undisputed that RN Fenrick is not an oral

surgeon and cannot prescribe medications.

Fifth, West will not have a legitimate explanation for not

disclosing Dr. Bedair other than that the expert he wanted, Dr. Bolten,

was denied by this Court.

Because West has failed to properly identify and disclose Dr.

Bedair as a non-retained expert under the Federal Rules, Fenrick's

motion in limine should be granted and Dr. Bedair should not be

allowed to provide any expert opinion at trial.

## II. This Court should exclude West's proposed expert witness because he is not properly qualified to provide expert testimony under Fed. R. Evid. 702 in this case where only the liability of a nurse is at issue.

Plaintiff proposes to add Dr. Bedair, BDS, as an expert witness.

(ECF No. 167, PageID.1973.)  No other information is provided about

Dr. Bedair.  The degrees following his name seemingly indicate that he

is an oral surgeon.  Regardless of his expertise, he is not a registered

nurse like Defendant Fenrick.  Defendant's conduct is the only matter

at issue in this case.  Accordingly, Dr. Bedair should be excluded from

testifying as an expert or offering expert opinion in this matter.

9

Rule 702 allows testimony from a witness, "who is qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702.  An expert need not have all of these qualifications; so long as his particular background gives him expertise relevant to the opinions he offers, the court should find him qualified.  *See Berry v. City of Detroit*, 25 F.3d 1342, 1350 (6th Cir. 1994); *Mannino v. Int'l Mfg. Co.*, 650 F.2d 846, 851 (6th Cir. 1981) ("[T]he only thing a court should be concerned with in determining the qualifications of an expert is whether the expert's knowledge of the subject matter is such that his opinion will likely assist the trier of fact in arriving at the truth."). Courts read Rule 702 liberally and will qualify experts so long as their expertise is likely to be helpful.  *Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500, 516 (6th Cir. 1998) (quoting *Davis v. Combustion Eng'g, Inc.*, 742 F.2d 916, 919 (6th Cir. 1984)).  If that standard is met, it is for the opposing party to impugn the expert's credibility before the jury. *Id.*

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court explained that Rule 702 confers a, "gatekeeping role," on trial judges to, "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  509 U.S. 579, 597, 113

(1993).  For expert testimony to be admissible, the court must find the expert to be: (1) qualified; (2) his testimony to be relevant; and (3) his testimony to be reliable.  *Daubert*, 509 U.S. at 589.  The issue regarding expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question.  *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994).

Nursing is a distinct realm in the practice of medicine, defined by Michigan statute as, "the systematic application of substantial specialized knowledge and skill, derived from the biological, physical, and behavioral sciences, to the care, treatment, counsel, and health teaching of individuals who are experiencing changes in the normal health processes or who require assistance in the maintenance of health and the prevention or management of illness, injury, or disability." Mich. Comp. Laws 333.17201(1)(c) (emphasis added).  Nurses are also governed by a licensing board, distinct from physicians.  Mich. Comp. Laws 333.17211.

Here, there is no foundation regarding the knowledge of the nursing discipline possessed by Dr. Bedair.  Even if he possesses

11

knowledge under that general label of, "medical care," nursing is a separate profession and has a different standard of care. As such, non-nurses cannot offer expert testimony on the conduct of a nurse, and vice versa. *Milline v. CorrectCare Sols., L.L.C.*, No. 17- CV-12723, 2021 WL 4583837, at *6 (E.D. Mich. Oct. 6, 2021) (holding that a physician is not competent to testify regarding the standard of care of a nurse); *McElhaney ex rel. McElhaney v. Harper-Hutzel Hosp.*, 711 N.W.2d 795, 800–01 (2006) (obstetricians/gynecologists may not testify about the standard of practice or care of a midwife or nurse). *See also Shipp v. Murphy*, 9 F.4th 694, 701 (8th Cir. 2021) (Nurses are not qualified to testify to a physician's standard of care); *Honey-Love v. United States*, 664 F. App'x 358, 360–61 (5th Cir. 2016) (report regarding the standard of care of a nurse inadmissible on the issue of a physician's standard of care).

Dr. Bedair does not have sufficient knowledge to testify regarding the Defendant's conduct. *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999); *Everett v. Georgia-Pac. Corp.*, 949 F. Supp. 856, 857 (S.D. Ga. 1996). As such, the motion in limine to exclude Dr. Bedair should be granted.

## CONCLUSION AND RELIEF REQUESTED

For the reasons explained herein, Defendant Fenrick, through

counsel, respectfully requests that this Honorable Court grant this

motion in limine to exclude Dr. Bedair from offering opinion testimony

as a non-retained expert.  If the Court does not grant the motion in

limine, Fenrick asks that the Court adjourn the trial date and allow

Fenrick time to obtain a rebuttal expert.

<div style="margin-left:40%">

Respectfully submitted,

*/s/Michael R. Dean*
Michael R. Dean (P71333)
Assistant Attorney General
Attorney for MDOC Defendant Fenrick
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
deanm2@michigan.gov

</div>

Dated:  August 30, 2024

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on August 30, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

<div align="right">

*/s/ Michael R. Dean*
Michael R. Dean (P71333)
Assistant Attorneys General
Attorney for MDOC Defendant Fenrick

</div>