UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY CRAIG WEST,<br><br>        Plaintiff,<br><br>v.<br><br>HENRY FENRICK,<br><br>        Defendant. | Case No. 2:21-10225<br><br>Honorable Nancy G. Edmunds<br>United States District Judge |

**PLAINTIFF ANTHONY CRAIG WEST'S
MOTION IN LIMINE NO. 2
TO EXCLUDE TESTIMONY & EVIDENCE AT TRIAL**

Pursuant to the Federal Rules of Evidence 104(a), 402, 403, 404, and 609, Plaintiff, Anthony Craig West, moves this Honorable Court to enter an Order in Limine precluding the Defendant, and his counsel, from referencing and presenting any evidence or testimony regarding:

    1.    Any dismissed parties and claims; and

    2.    Mr. West's prior arrests and conviction, which are more than ten years old.

Plaintiff conferred in good faith with Defendant in seeking concurrence for the relief sought in this motion, as well as several other evidentiary matters that were agreed upon and resolved. The above issues remain in controversy. Plaintiff

relies upon his accompanying Brief in Support of his Motion in Limine to Exclude Testimony and Evidence at Trial.

|  |  |
|---|---|
| Dated: Friday, August 30, 2024 | Respectfully submitted,<br>By: */s/ Lena M. Gonzalez*<br>Moheeb H. Murray (P63893)<br>William E. McDonald III (P76709)<br>Lena M. Gonzalez (P81330)<br>BUSH SEYFERTH PLLC<br>100 W. Big Beaver Rd., Suite 400<br>Troy, MI 48084<br>(248) 822-7800<br>mcdonald@bsplaw.com<br>gonzalez@bsplaw.com<br>*Attorneys for Plaintiff Anthony Craig West* |

2

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| ANTHONY CRAIG WEST,<br><br>        Plaintiff,<br><br>v.<br><br>HENRY FENRICK,<br><br>        Defendant. | Case No. 2:21-10225<br><br>Honorable Nancy G. Edmunds<br>United States District Judge |

**PLAINTIFF ANTHONY CRAIG WEST'S
MOTION IN LIMINE NO. 2
TO EXCLUDE TESTIMONY & EVIDENCE AT TRIAL**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................ **Error! Bookmark not defined.**

II. BACKGROUND ..........................................................................................2

III. STANDARD OF REVIEW............................................................................2

IV. ARGUMENT................................................................................................3

    A. Any Reference, Testimony, or Evidence Regarding Dismissed Parties or Claims is Not Relevant and Should be Excluded. ................3

    B. Any Reference, Testimony or Evidence of Mr. West's Prior Arrest and Conviction is Not Relevant and Should be Excluded. ........6

V. CONCLUSION..............................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**                                                     **Page**

*Bourgeois v. Strawn*,
452 F. Supp. 2d 696 (E.D. Mich. 2006)...................................................................8

*Doe v. Claiborne County*,
103 F.3d 495, 515 (6th Cir. 1996) .........................................................................3

*L'Etoile v. New England Finish Systems, Inc.*,
575 F. Supp. 2d, 340 (D.N.H. 2008)......................................................................5

*Moore v. Bannon*,
2012 U.S. Dist. LEXIS 81740 (W.D. Mich. Jun. 13, 2012)................................4,5

*Sprint/United Management Co. v. Mendelsohn*,
552 U.S. 379, 384 (2008).......................................................................................3

*United States v. Asher*,
910 F.3d 854, 860 (6th Cir. 2018) .........................................................................2

*Sutkiewicz v. Monroe County Sheriff*,
110 F.3d 352, 357 (6th Cir. 2007) ......................................................................2,3

*United States v. Clemis*,
11 F.3d 597, 600 (6th Cir. 1993) ...........................................................................7

*United States v. Feinman*,
930 F.2d 495, 499 (6th Cir. 1991) .........................................................................3

*United States v. Mack*,
258 F.3d 548, 552-53 (6th Cir. 2001) ....................................................................7

*United States v. Ramer*,
883 F.3rd 659, 669 (6th Cir. 2018) ........................................................................8

*United States v. Thompson*,
690 F. App'x 302, 307 (6th Cir. 2017)...................................................................7

**Statutes**

42 U.S.C § 1983 ............................................................................................................. 1,3

**Rules**

Fed. R. Civ. P. 8(d)(2) ....................................................................................................... 5

Fed. R. Evid. 401 ............................................................................................................. 2

Fed. R. Evid. 402 ............................................................................................................. 2

Fed. R. Evid. 403 ................................................................................................... 2, 5, 7, 8

Fed. R. Evid. 404 ............................................................................................................ 7, 8

Fed. R. Evid. 609 ............................................................................................................ 7, 8

## STATEMENT OF QUESTIONS PRESENTED

1. Should this Court exclude any and all evidence, testimony, and argument relating to any dismissed parties and claims?

    Answer: Yes.


2. Should this Court exclude any and all evidence, testimony, and argument relating to Mr. West's arrests and convictions, which are more than ten years old?

    Answer: Yes.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Bourgeois v. Strawn*, 452 F. Supp. 2d 696 (E.D. Mich. 2006)

*Moore v. Bannon*, 2012 U.S. Dist. LEXIS 81740 (W.D. Mich. Jun. 13, 2012)

*Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 357 (6th Cir. 2007)

42 U.S.C § 1983

Fed. R. Civ. P. 8(d)(2)

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

Fed. R. Evid. 404(a)

Fed. R. Evid. 404(b)

Fed. R. Evid. 404(b)(1)

Fed. R. Evid. 404(b)(2)

Fed. R. Evid. 609

Fed. R. Evid. 609(a)(1)

Fed. R. Evid. 609(a)(2)

Fed. R. Evid. 609(b)

## I. INTRODUCTION

Plaintiff, Anthony Craig West (Mr. West) writhed in pain for five days without his prescription pain medication following dental surgery, wherein his buccal bone was removed with a drill. *See* Ex. 1, Plaintiff's Deposition at ¶¶19: 19-21; Ex. 2, University of Michigan 11/14/2019 Medical Record. It is uncontested that Mr. West's surgical discharge paperwork, including prescriptions for pain medication, was not processed for several days and that Defendant Fenrick did not treat Mr. West for his post-surgical complaints of pain at all.

On September 17, 2023, this Honorable Court issued its Opinion and Order, granting in part, and denying in part, Defendants' Motions for Summary Judgment. (ECF No. 124, PageID. 1448-1459). Defendants Davitt-Webster, Choi, Campbell and Choge, were dismissed with prejudice. Claims against Defendant Roslyn Jindal were subsequently dismissed on August 26, 2024. (ECF No. 172, PageID. 2103-2107). The remaining claim in this case is against Defendant Henry Fenrick, RN, is a 42 U.S.C. § 1983 violation of the Eighth Amendment

Now, Plaintiff seeks an Order in Limine precluding the Defendant, and his counsel, from referencing and presenting any evidence or testimony regarding:

1. Any dismissed parties and claims;

2. Mr. West's arrests and convictions, which include his most recent conviction of 10/05/2009, over ten years ago.

1

## II. BACKGROUND

Plaintiff incorporates by reference the Statement of Facts from his Brief in Response to Defendants' Motion for Summary Judgment. (ECF No. 136, PageID. 2779-2813). Plaintiff further incorporates by reference this Court's Summary of Evidence, as stated in its Opinion regarding Defendants' Motion for Summary Judgment. (ECF No. 147, PageID. 3198-3224).

## III. STANDARD OF REVIEW

Rule 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. See Fed. R. Evid. 402. Evidence is relevant if it has a tendency to make the existence of a material fact more or less probable than it would be without the evidence. See Fed. R. Evid. 401. The key question in determining problems pertaining to relevancy is whether "an item of evidence, when tested by the processes of legal reasoning, possesses the sufficient probative value to justify receiving it in evidence" and the evidence relates to a material fact of the case. Fed. R. Evid. 401 advisory committee's note. If evidence is deemed relevant, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.; *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018); *Sutkiewicz v.*

*Monroe County Sheriff*, 110 F.3d 352, 357 (6th Cir. 2007). Undue prejudice is defined as "the undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence." *Sutkiewicz*, 110 F.3d at 360 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 515 (6th Cir. 1996)).A district court generally has broad discretion in balancing the probative value against prejudicial impact of evidence to exclude evidence already found to be relevant. *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008); *Sutkiewicz*, 110 F.3d at 360 (quoting *United States v. Feinman*, 930 F.2d 495, 499 (6th Cir. 1991)).

## IV. ARGUMENT

**A. Any Reference, Testimony, or Evidence Regarding Dismissed Parties or Claims is Not Relevant and Should be Excluded.**

Plaintiff maintains that testimony and evidence of claims and defendants that were dismissed with prejudice, are not relevant to the instant case and would only serve in confusing the jury and wasting time.

By way of its Summary Judgment Orders, the Court dismissed the 42 U.S.C § 1983 claim against Defendants, Davitt-Webster, Choi, Campbell, Choge and Jindal. (ECF No. 124, PageID. 1448-1459); (ECF No. 172, PageID. 2103-2107).

Plaintiff anticipates that Defendant will attempt to shift responsibility to the dismissed defendants at trial as part of his defense. Plaintiff takes no issue with Defendant's trial strategy. However, Defendant should be prevented from referring

3

to the "empty chair" at trial. That is, Defendant may argue that any one of the individual dismissed MDOC medical professionals, were once parties in this action but are no longer parties. If Defendant is permitted to argue that those dismissed defendants are no longer in the case, the jury may infer that either: 1) Plaintiff settled "out-of-court" with them and was already compensated; or 2) Plaintiff's claims against the dismissed defendants were meritless warranting dismissal by the Court. Both scenarios are inaccurate and create a risk of unfair prejudice to the Plaintiff. The same is true if Defendant is permitted to argue that Plaintiff pursued certain claims against the defendants that were dismissed by the Court.

Evidence relating to previously dismissed claims and parties has minimal probative value and, if introduced, would create a significant risk of prejudice to Plaintiff and create undue delay in a trial should otherwise take only 4 full days to complete. Even a limiting instruction cannot guarantee jurors would not be confused to allocate blame or fault to a dismissed party not properly on the verdict form.

In *Moore v. Bannon*, 2012 U.S. Dist. LEXIS 81740 (W.D. Mich. Jun. 13, 2012), the plaintiff sought to exclude evidence of dismissed parties and claims, arguing that they were not relevant and would only serve to confuse the jury. *Moore*, 2012 U.S. Dist. LEXIS 81740, at *20 (Exhibit 1). In this police misconduct action, the defendant countered that the evidence was relevant in

assessing the plaintiff's credibility, in particular, his bias against police officers since he followed a "kitchen-sink style" approach to litigation, i.e., he sued everybody for everything. *Id*.

In analyzing rulings from other courts, the *Moore* Court stated that it was "common practice" to shield the jury from claims and issues dismissed on summary judgment. *Id*. at *21 (citations omitted). The court explained:

> Stated otherwise, motions in limine should be granted under these circumstances because such evidence has little to do with establishing credibility, and is of little probative value, but instead "carries significant risk of undue delay and waste of time . . ." that would fall under exclusion evidence in Rule 403.

*Id*. at *21-22 (quoting *L'Etoile v. New England Finish Systems, Inc.*, 575 F. Supp. 2d, 340 (D.N.H. 2008)). The *Moore* Court concluded:

> That some claims and a defendant were dismissed pursuant to a motion for summary judgment is a normal occurrence that can be shielded from the jury. Plaintiff's filing of multiple or alternative claims that were dismissed as a matter of law does not speak to his credibility, but instead is a manifestation of proper pleading procedures discussed by Rule 8(d)(2). Regardless of whether the evidence is relevant, the evidence is excludable under Rule 403.

*Id*. (Citations omitted).

Like *Moore*, Plaintiff filed his complaint in good faith, in accordance with Fed. R. Civ. P. 8(d)(2), alleging multiple claims. After Plaintiff's best efforts putting forth vigorous discovery and motion practice, parties were dismissed as a

5

matter of law by the Court. There is no probative value in admitting evidence of these dismissed claims and parties. The evidence will only serve to confuse the jury, unnecessarily prolong the trial, and cause the certain risk of severe prejudice to the Plaintiff. Accordingly, evidence relating to previously dismissed parties and claims should be excluded at trial.

**B. Any Reference, Testimony or Evidence of Mr. Wesst's Prior Arrest and Conviction is Not Relevant and Should be Excluded.**

This case is about events that took place while Defendant was in prison custody in 2019 – a decade after his conviction that led to his imprisonment. Evidence of Mr. West's convictions have zero probative value as to the claims he asserts regarding his imprisonment. Defendant may attempt to introduce evidence of Mr. West's arrest and convictions, including the conviction that lead to his imprisonment, Homicide in the Second Degree, and Habitual Offender – Third Offense Notice[1] to attempt to demonstrate Mr. West's bad character.

Mr. West is in prison. This fact is not in controversy. He had a serious medical condition that was deliberately disregarded and medically mismanaged by the Defendant. But Mr. West's arrests and convictions only serve to inflame the jury and could lead it to decide the case on impermissible grounds. See Ex. 3,

---

[1] Mr. West's Homicide in the Second Degree and Habitual Offender – Third Offense Notice charges are from 10/05/2009. These charges arose from a plea reduction after initially being charged for events taking place on 04/15/2009. He was also charged with Weapons Felony Firearm related to the same incident.

Record regarding his arrest/conviction. These records have no probative value. That is, this arrest and conviction from over ten years ago, will make no fact in controversy any more or any less probable.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of a crime or wrong to prove "a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b)(1). However, because these convictions are more than ten years old, they can only be admitted if their "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

The exception to the exclusion of prior crimes or bad acts does not apply here. Pursuant to Rule 404(b), "a court may admit evidence of a defendant's 'other' or 'similar' bad acts or crimes only if the evidence is probative of a relevant fact, and not to show the defendant's 'character' or 'propensity' to commit bad acts." *United States v. Mack*, 258 F.3d 548, 552-53 (6th Cir. 2001) (quoting *United States v. Clemis*, 11 F.3d 597, 600 (6th Cir. 1993)). Relevant facts include "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "To admit evidence under Rule 404(b), the trial court must follow three steps: (1) make a preliminary determination that enough evidence exists that the prior act actually occurred; (2) determine whether the other acts evidence is being offered for a proper purpose under Rule 404(b);

and (3) determine whether the other acts evidence is more prejudicial than probative under Federal Rule of Evidence 403." *United States v. Thompson*, 690 F. App'x 302, 307 (6th Cir. 2017). Rule 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. *United States v. Ramer*, 883 F.3rd 659, 669 (6th Cir. 2018).

In *Bourgeois v. Strawn*, 452 F. Supp. 2d 696 (E.D. Mich. 2006), the plaintiff sought to exclude evidence of 8 prior felony convictions and 6 misdemeanors in a police misconduct action based upon excessive use of force. The crimes included larcenies, breaking and entering, driving while intoxicated, and possession of marijuana. *Id.* at 713. In ruling on the plaintiff's motion in limine:

> The Court finds no basis for the admission of such evidence other than for impeachment. The defendant has not suggested that the evidence is relevant for any other purpose. Certainly the evidence would tend to prove that the plaintiff had a general bad character, but that is not a proper purpose for the evidence. See Fed. R. Evid. 404(a). Rule 609 allows prior convictions to be used to impeach a testifying witness, including a trial witness in a civil case. However, that rule limits the convictions to felonies and misdemeanors that include an element of dishonesty or false statement. See Fed. R. Evid. 609(a)(2). None of the crimes fall into the latter category. Therefore, the misdemeanor convictions are not admissible for any proper purpose, and the felonies are admissible if the Court determines that their probative

8

>> value substantially outweighs their unfairly prejudicial effect. See Fed. R. Evid. 609(a)(1); 403.

*Id.* (Emphasis added).

Because Mr. West's conviction is a conviction that is older than 10 years, it should not be used for any purpose during trial. Nonetheless, Defendant has the burden of proof to demonstrate a proper purpose for its admission. Then, he must further demonstrate that the probative value of this evidence, i.e., having a tendency to make a fact in controversy more probable or less probable, is *substantially outweighed* by its unfair prejudicial effect. He cannot satisfy his burden.

Here, none of Mr. West's arrests or convictions—and certainly the Homicide in the Second Degree[2] conviction—are "similar" enough to the facts at issue in this case or close enough in time to have any probative value to the issues at stake in this litigation. Mr. West's convictions have unfair and undue negative implications on his character–implications that he cannot defend and implications that have the potential to enrage a jury.

Defendant cannot meet his burden of demonstrating a proper purpose for the admission of Mr. West's arrests and convictions that is substantially outweighed by the risk of unfair prejudice, and therefore, the evidence should be excluded.

---

[2] This offense does not involve "some element of active misrepresentation" so as to render it admissible under the crimes of dishonesty exception of Rule 609(a).

9

## V.    CONCLUSION

Wherefore, Plaintiff, Mr. West respectfully requests this Honorable Court enter an Order in Limine precluding the Defendant, and his counsel, from referencing and presenting any evidence or testimony regarding:

1. Any dismissed parties and claims; and

2. Mr. West's prior arrests and convictions.

                                         Respectfully submitted,

Dated: Friday, August 30, 2024      By: */s/ Lena M. Gonzalez*
                                                   Moheeb H. Murray (P63893)
                                                   William E. McDonald III (P76709)
                                                   Lena M. Gonzalez (P81330)
                                                   BUSH SEYFERTH PLLC
                                                   100 W. Big Beaver Rd., Suite 400
                                                   Troy, MI 48084
                                                   (248) 822-7800
                                                   mcdonald@bsplaw.com
                                                   gonzalez@bsplaw.com
                                                   *Attorneys for Plaintiff Anthony Craig West*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2024, I filed the foregoing document using the Court's electronic filing system, which will notify all counsel of record.

*/s/ Robyn Goldberg*