UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CRAIG WEST,

           Plaintiff,

v.

HENRY FENRICK,

           Defendant.

Case No. 2:21-10225

Honorable Nancy G. Edmunds
United States District Judge

**ANTHONY WEST'S MOTION IN LIMINE NO. 1
TO EXCLUDE UNDISCLOSED EXPERT OPINIONS & LAY OPINIONS**

Plaintiff Anthony Craig West moves, under FRCP 26 and 37, to exclude any and all evidence, testimony, and argument relating to undisclosed expert opinions and lay opinions.

Plaintiff conferred in good faith with Defendant in seeking concurrence for the relief sought in this motion, as well as several other evidentiary matters that were agreed upon and resolved. The above issues remain in controversy. Plaintiff relies upon his accompanying Brief in Support of his Motion in Limine to Exclude Testimony and Evidence at Trial.

.

1

                                                                               Respectfully submitted,

Dated: Friday, August 30, 2024         By: */s/ Lena M. Gonzalez*
                                                                          Moheeb H. Murray (P63893)
                                                                           William E. McDonald III (P76709)
                                                                           Lena M. Gonzalez (P81330)
                                                                           BUSH SEYFERTH PLLC
                                                                           100 W. Big Beaver Rd., Suite 400
                                                                           Troy, MI 48084
                                                                           (248) 822-7800
                                                                           mcdonald@bsplaw.com
                                                                           gonzalez@bsplaw.com
                                                                           *Attorneys for Plaintiff Anthony Craig West*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY CRAIG WEST,

        Plaintiff,

  v.

HENRY FENRICK,

        Defendant.

Case No. 2:21-10225

Honorable Nancy G. Edmunds
United States District Judge

## BRIEF IN SUPPORT OF PLAINTIFF ANTHONY WEST'S
## MOTION IN LIMINE NO. 1
## TO EXCLUDE UNDISCLOSED EXPERT OPINIONS & LAY OPINIONS

## TABLE OF CONTENTS

I.　　INTRODUCTION ..................... **ERROR! BOOKMARK NOT DEFINED.**

II.　　ARGUMENT............................. **ERROR! BOOKMARK NOT DEFINED.**

　　　A.　　Undisclosed Expert Opinions............. **Error! Bookmark not defined.**

　　　B.　　Improper Testimony by Lay Witnesses. ................................................3

III.　　CONCLUSION.........................................................................................4

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page**

*Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*,
   388 F.3d 976, 983 (6th Cir. 2004) ...................................................................1,2

*Dobbins v. Greyhound Lines, Inc.*,
   336 F.R.D. 144, 147 (E.D. Mich. 2020) ..........................................................1,2

*Equal Emp. Opportunity, Comm'n v. Heartland Auto. Servs., Inc.*,
   2013 WL 12043555, at *14 (W.D. Tenn. July 19, 2013)....................................2

*Hubbell v. Fedex Smartpost, Inc.*,
   2017 WL 34084 at *3 ............................................................................................2

*R.C. Olmstead, Inc., v. CU Interface, LLC*,
   606 F.3d 262, 271 (6th Cir. 2010) .......................................................................2

*Schneider v. Molony*,
   418 Fed.Appx. 392, 395 (6th Cir. 2011) ............................................................2

*Sryker Corporation v. Ridgeway*,
   2016 WL 6583592, at *7 (W.D. Mich. Feb. 16, 2016) ......................................2

*United States v. Jayyousi*,
   657 F.3d 1085, 1120 (11th Cir. 2011) ................................................................3

*United States v. Kilpatrick*,
   657, 798 F.3d 365, 379, 380 (6th Cir. 2015) .....................................................3

**RULES**

Fed. R. of Civ. P. 26..................................................................................................1

Fed. R. Civ. P. 37 .....................................................................................................1

Fed. R. Evid. 403 .....................................................................................................1

Fed R. Evid. 602 .....................................................................................................3

Fed. R. Evid. 701 .....................................................................................................3

Fed. R. Evid. 702 .....................................................................................................3

## STATEMENT OF ISSUES

1. Should this Court exclude any and all evidence, testimony, and argument relating to undisclosed expert opinions, as a sanction for nondisclosure under Federal Rules of Civil Procedure 26 and 37?

    Answer: Yes.

**2.** Should this Court exclude any and all evidence, testimony, and argument relating to improper lay testimony?

    Answer: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 26(a)(2)(D)

Fed. R. Civ. P. 37(c)(1)

Fed R. Evid. 602

Fed. R. Evid. 701

Fed. R. Evid. 702

*United States v. Kilpatrick*, 798 F.3d 365, 379 (6th Cir. 2015)

## I.    INTRODUCTION

Mr. West seeks an order excluding any and all evidence, testimony, and argument relating to undisclosed expert opinions, as a sanction for nondisclosure under Federal Rule of Civil Procedure 37. The "automatic and mandatory" sanction of exclusion is necessary to prevent unfair surprise and to enforce the disclosure requirements of Rule 26(a). *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 147 (E.D. Mich. 2020) (quoting *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004)).

Henry Fenrick has not disclosed any experts in this case. However, there is a concern that Defendant Fenrick may attempt to introduce at trial evidence relating to undisclosed expert opinions or improper lay witness opinions. These opinions would be inadmissible because they were not disclosed under Federal Rule of Civil Procedure 26. They should be excluded under Rule of Civil Procedure 37 and Rule of Evidence 403.

## II.    ARGUMENT

### A.    Undisclosed Expert Opinions.

This Court should prohibit Defendant Fenrick from introducing evidence, testimony, statements, or arguments pertaining to opinions of expert witnesses that have not been disclosed. Fed. R. Civ. P. 26(a)(2)(D); Fed. R. Civ. P. 37(c)(1). Defendant Fenrick did not disclose any experts. Therefore, this Court should prohibit

1

any evidence, testimony, statements, or arguments that serve as a conduit for an undisclosed expert opinion from any expert witness he may bring. *Schneider v. Molony*, 418 Fed.Appx. 392, 395 (6th Cir. 2011) ("[I]f a party fails to disclose a document, the district court may prohibit use of the document at trial."); *See, e.g.*, *Dobbins*, 336 F.R.D. at 147 ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." (quoting *Dickenson*, 388 F.3d at 983)); *Equal Emp. Opportunity, Comm'n v. Heartland Auto. Servs., Inc.*, 2013 WL 12043555, at *14 (W.D. Tenn. July 19, 2013) (excluding "nonpermissive and untimely" opinions "not previously disclosed" in deposition); *Sryker Corporation v. Ridgeway*, 2016 WL 6583592, at *7 (W.D. Mich. Feb. 16, 2016) ("Ridgeway must be precluded from using the non-disclosed trial exhibits to support his claims or defenses."); *Hubbell v. Fedex Smartpost, Inc.*, 2017 WL 34084 at *3 (wherein the plaintiff's motion in limine was granted in part because defendants did not list their expert in their disclosures, their failure to do so was not harmless, and their failure to do so was unjustified.); *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (affirming exclusion of expert report that failed to give "complete statement of all opinions"). Any improper and undisclosed expert testimony should be excluded.

## B. Improper Testimony By Lay Witnesses.

This Court should prohibit Defendant Fenrick from introducing evidence, testimony, statements, or arguments pertaining to improper opinion testimony by a lay witness to which he or she is not properly qualified to testify. Fed R. Evid. 602, 701, 702. Lay witness opinion testimony must be: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determine a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. "The party offering testimony under Rule 701 must establish that all three requirements are satisfied. The function of lay opinion testimony is to 'describ[e] something that the jurors could not otherwise experience for themselves by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event.'" *United States v. Kilpatrick*, 798 F.3d 365, 379 (6th Cir. 2015) (quoting *United States v. Jayyousi*, 657 F.3d 1085, 1120 (11th Cir. 2011) (internal citations omitted).

It is not helpful when a witness forms conclusions for a jury that the jurors are competent to reach on their own nor is it helpful to speculate or to repeat previously-admitted evidence that requires no explanation. *Kilpatrick*, 657 F.3d at 380. Therefore, any lay witness testimony that does not satisfy all three of the above requirements should be excluded.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Anthony Craig West respectfully request that this Court GRANT his Motions in Limine.

Respectfully submitted,

Dated: Friday, August 30, 2024

By: */s/ Lena M. Gonzalez*
Moheeb H. Murray (P63893)
William E. McDonald III (P76709)
Lena M. Gonzalez (P81330)
BUSH SEYFERTH PLLC
100 W. Big Beaver Rd., Suite 400
Troy, MI 48084
(248) 822-7800
mcdonald@bsplaw.com
gonzalez@bsplaw.com
*Attorneys for Plaintiff Anthony Craig West*

5

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on August 30, 2024, I filed the foregoing document using the Court's electronic filing system, which will notify all counsel of record.

*/s/ Robyn Goldberg*